## 10901. TALMAGE, by next friend, v. TIFT.

STEPHENS, J. 1. Where laborers employed by a contractor are subject to the control of the employer and may be discharged by the latter, the contractor is, as respects the employment and control of the laborers, not an independent contractor. 14 R. C. L. 68.

2. In a suit to recover damages for injuries alleged to have been sustained by the plaintiff while employed as a laborer to work about a mill, where it appears from the evidence that the defendant was the owner of the mill, which was located upon his premises and, under a contract made by the defendant with another person, was operated by the latter, whose duty it was to furnish the necessary labor and saw lumber into shingles at a stipulated price to be paid by the defendant, the defendant supplying the lumber and the machinery and keeping the machinery in repair, which contract was subject to rescission and cancellation at any time, and where the defendant testified that to his knowledge the person operating the mill did not employ any children about the mill, and that he (the defendant) would not have allowed it, that the plaintiff's injuries were treated by a physician employed by the defendant to look after and treat injured employees at the mill, and that the bill for the plaintiff's treatment was paid by the defendant, the inference is authorized that the defendant had the right to control and discharge laborers employed about the mill, and that the contract between the defendant and the person operating the mill was not made by the defendant in good faith for the purpose of establishing an independent contract with the person operating the mill, but was made by the defendant for the purpose of avoiding responsibility for injuries to the laborers employed about the mill, and that the person operating the mill was not an independent contractor, but that the relation of master and servant existed between the defendant and the plaintiff. See, in this connection, Civil Code (1910), § 4415.

3. It appears, from the evidence, that the defendant visited the mill while the plaintiff was at work, thus authorizing the inference that the defendant knew of plaintiff's presence and employment in the mill, and that the defendant had the right to prevent the plaintiff's employment, thus authorizing the inference that his failure to do so amounted to permission to plaintiff to work in the mill, and that the plaintiff was under 12 years of age and was working about the mill in violation of the child-labor law, which was negligence per se on the part of the person responsible for the plaintiff's employment or presence in the mill.

4. The evidence authorized the inference that the defendant's negligence was the proximate cause of the plaintiff's injury, and it was therefore error to grant a nonsuit.

        *Judgment reversed. Jenkins, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 17, 1920. REHEARING DENIED SEPTEMBER 27, 1920.

Action for damages; from Tift superior court — Judge Eve. August 9, 1919.

Application for certiorari was denied by the Supreme Court.
*John Henry Poole,* for plaintiff.
*Fulwood & Hargrett,* for defendant.