## MARLETT et al. v. BROWNFIELD.

### No. 14141.

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 29, 1940.

H. E. Lobdell and H. G. Woodruff, both of Decatur, for appellants.

E. I. Key, of Denton, for appellee.

SPEER, Justice.

W. C. Brownfield brought this suit in the district court of Denton County, Texas, against his three sisters, Lonie Marlett, Alpha Balthrop and Ammer Kelley, and their respective husbands, for partition of 356 acres of land in that county.

Plaintiff and his three sisters are the only children of C. L. Brownfield and his deceased wife, Nancy Brownfield. All necessary allegations were made to authorize a decree partitioning the land, after proof. The controversy arose over the respective interests of the parties.

Mrs. M. J. Fortenberry, a widow, owned the land prior to her death. On August 12, 1898, she executed and delivered to C. L. Brownfield and his wife, Nancy Brownfield (the latter being grantor's daughter), a deed purporting to convey 213 acres of the land in controversy. On the same day Mrs. Fortenberry executed her will, bequeathing to her daughter, Nancy Brownfield, 143 acres of land out of the William Fortenberry Survey, and a part of a 137-acre tract conveyed to her by Jot Gunter and others, reciting that the land so be-queathed was all of the land owned by testatrix in Denton County. The will was probated in Wise County, after Mrs. Fortenberry's death in 1898.

On February 20, 1939, C. L. Brownfield, by deed reciting him to be a single man (his wife, Nancy Brownfield, having previously died), conveyed to his son, W. C. Brownfield, the plaintiff herein, grantor's undivided one-half interest in 213 acres, described as in the deed from Mrs. M. J. Fortenberry, which is a part of the 356 acres in controversy.

When this suit was instituted, plaintiff and defendants owned jointly the whole 356-acre tract. Plaintiff, W. C. Brownfield, claimed one-half of the 213 acres, by virtue of the deed from his father, and an equal one-fourth interest with his sisters, the defendants, in the other one-half and in the remaining 143 acres willed by M. J. Fortenberry to their mother, Nancy Brownfield.

Defendants claimed in their pleadings that the father, C. L. Brownfield, had no interest in any part of the land and that the conveyance by him to plaintiff, W. C. Brownfield, passed no title, and that parties plaintiff and defendants owned the entire tract of 356 acres jointly in equal parts. Defendants based their contention that nothing passed under the deed from C. L. to W. C. Brownfield upon allegations that the deed from M. J. Fortenberry to "C. L. Brownfield and wife, Nancy Brownfield", dated August 12, 1898, was a forgery, in that the original instrument, when executed, was to Nancy Brownfield (the mother of the parties to this suit) and that after the execution and delivery of the deed, it had been altered throughout, so as to show conveyance of the 213 acres to "C. L. Brownfield and wife, Nancy Brownfield", instead of to "Nancy Brownfield".

The case was tried to a jury; one special issue was submitted and answered. That issue involved the controversy which arose under the defendants' allegations that the deed above mentioned had been altered since its execution. The jury found in response to the issue submitted against defendants' contention of a forgery or alteration of the deed.

Upon the verdict, judgment was entered partitioning the land between the parties, awarding to plaintiff five-eighths interest in the 213 acres and one-fourth interest in the remaining 143 acres, and to each of

the defendants one-fourth interest in the 143 acres and the same interest in one-half of the 213 acres. From this judgment defendants have perfected this appeal.

Defendants rely upon four assignments of error. Two and three are upon the same point. The assignments are, in effect: (1) the location of the 143 acres decreed by the court to be owned equally by all parties is erroneously and arbitrarily located and described in the judgment without evidence to support it; (2 and 3) the court erred in not sustaining their motion for judgment notwithstanding the verdict; and (4) the court erred in awarding plaintiff five-eighths undivided interest in the 213 acres, giving effect to the conveyance from C. L. Brownfield to plaintiff.

It is appropriate to say just here that plaintiff, the appellee, insists that this court is without jurisdiction to determine this appeal because no sufficient appeal bond was filed in the trial court, and furthermore, that even though we do have jurisdiction, we cannot consider the assignments of error presented by defendants, since there was no motion for new trial filed below, and no assignment presents fundamental error.

Referable to our jurisdiction and the sufficiency of the appeal bond, we shall give that matter no further consideration here more than to say that we disposed of the point contrary to plaintiff's contention in response to motions filed before the cause came on for submission upon its merits. See Marlett et al. v. Brownfield, Tex.Civ.App., 140 S.W.2d 353.

■ Plaintiff's contention that we cannot consider the assignments of error because there was no motion for new trial presented is without merit. The record discloses that the judgment appealed from was entered on the last day of the term of the district court of Denton County. This being true, and, as here, where it does not appear that the term was extended for any purpose, no motion for new trial was necessary as a prerequisite to appeal and assignments of error. Article 2232, R.C.S., and Rule 71a for district and county courts (126 Tex. vii). The authorities cited by plaintiff's counsel are not applicable. See the above rule and the decision by our Supreme Court in Stillman v. Hirsch, 128 Tex. 359, 99 S.W.2d 270.

We shall discuss the assignments of error in reverse order to the manner in which they are presented in the brief. Our reason for doing so is obvious from what we shall say in discussing them.

By the fourth assignment, complaint is made that the trial court awarded to plaintiff an undivided five-eighths interest in the 213-acre tract. The contention is based upon assertions that (a) plaintiff took nothing under the deed from his father, which purported to convey an undivided one-half interest in that tract, because the deed was a forgery or was altered after its execution, so as to include C. L. Brownfield as a grantee, (b) the description of the 213 acres contained in the deed from Mrs. Fortenberry to "C. L. Brownfield and wife, Nancy Brownfield" was insufficient to pass title, and (c) even if there was no alteration of the deed and it had been good as to description, the consideration paid for the 213 acres attempted to be conveyed was paid out of the wife's separate property, and although the husband was named as a grantee, such record title as he took was in trust for the wife. Therefore, it is argued that the whole title in fact was in the wife, Nancy Brownfield, and at her death, plaintiff and defendants inherited the title in equal parts.

■ The contention that no title passed to C. L. Brownfield under the deed from Mrs. Fortenberry cannot be sustained, because the jury found upon ample testimony that C. L. Brownfield was a grantee in that deed. The uncontradicted evidence is to the effect that the change in the deed complained of by defendants was made before its delivery to and acceptance by the grantee.

■ It is argued that the description in the deed to C. L. Brownfield was insufficient to pass any title. An examination of the record discloses that the description covers the whole 356 acres, describing it by metes and bounds. Following the description this is said: "Except 143 acres out of south and west sides of said described lands." If it could be said that the exception did not retain to grantor any part of the land described, then the deed would have passed title to the whole 356 acres; this would have materially lessened the interests of the respective defendants, who are complaining here. But in arriving at a proper construction of this deed, we must look to the intention of the parties, as dis-

closed by the instrument; if the instrument itself does not fully disclose the intentions, other than that a reservation or exception was made, then extrinsic facts may be resorted to, in aid of making certain what was intended to be excepted. 14 Tex.Jur., § 179, p. 962.

It has been held that if a deed purports to convey all of the lots in a given block and excepts from the conveyance one of the lots, giving its number, the instrument is sufficient to pass title to those lots not excepted. In such a conveyance, extrinsic evidence would be required to show which lot was excepted, when locations on the ground are attempted. Koenigheim v. Miles et al., 67 Tex. 113, 2 S.W. 81.

■ There is another part of the evidence in this case which we think tends to shed light on the intentions of the parties to the deed above mentioned. On the same day the deed was executed, the grantor, Mrs. Fortenberry, made her will, in which she bequeathed to her daughter, Nancy Brownfield (one of the grantees in the deed), the 143 acres which was apparently attempted to be excepted from the deed. In the will the 143 acres is referred to as a part of the William Fortenberry Survey, and a part of the 137 acres conveyed to testatrix by a deed from Jot Gunter and others, on April 18, 1894, and testatrix said this was all the land owned by her in Denton County. The will and references therein made to deeds of conveyance may be looked to in this case for better identification of the land excepted, making certain that part which passed by the conveyance.

■ Defendants urge another objection to the sufficiency of the Fortenberry deed to Brownfield; this, too, is entitled to our consideration. It is pointed out that the beginning point in the description calls for the southwest corner of the Wm. Fortenberry 160-acre survey and proceeds to describe the 356 acres by metes and bounds. No discrepancy in the description would be apparent but for the fact that counsel has attached to his brief a plat of several surveys (but not shown to have been in evidence) which shows that there are two Fortenberry 160-acre surveys, the west line of one being the east line of the other, and it is contended that this renders the beginning point uncertain. Giving effect to the plat in the brief and following the description by calls, it will be found that second, third and fourth calls make definite points on lines and corners of other surveys. By reversing the calls from these definitely located points, the place of beginning can be made certain. The means thus employed have support in Gill v. Peterson, 126 Tex. 216, 86 S.W.2d 629; Dallas County Fresh Water Supply District No. 7 v. Mercantile Securities Corp., Tex.Civ. App., 110 S.W.2d 187, writ dismissed; 7 Tex.Jur., § 25, p. 148. The complaint that the deed was void for lack of certainty in the particulars mentioned is overruled.

■ The fourth subdivision of assignment of error 4, discussed by defendants, is to the effect that, even if the deed from Fortenberry did name C. L. Brownfield as one of the grantees, he received no title to himself in the land, but that he took only in trust for his wife, Nancy, since the whole consideration for the conveyance of the 213 acres was the exchange of the wife's 106½ acres situated in Wise County. Defendants' contention would be correct if the facts in the case supported it, but such is not the case here. The undisputed evidence shows that prior to 1898 and prior to her marriage to C. L. Brownfield, Nancy Brownfield (nee Fortenberry) owned 106½ acres of land in Wise County; that at the time of her marriage to C. L. Brownfield, the land was unimproved; that after their marriage, they improved the place by fencing it, placing thereon a house, granary and other outhouses, dug a well, cleared up the timber and put the land in cultivation, making it their home for a number of years. That a deal was made between Brownfield and wife with Mrs. Fortenberry, by which the 106½ acres thus improved would be exchanged for 213 acres in Denton County. With the improvements placed on the wife's separate land by the community of Brownfield and wife, it was agreed that the conveyance of the 213 acres should be made to both C. L. Brownfield and his wife, Nancy; that when the deed was prepared and brought out to the farm for execution, it contained only the name of Nancy Brownfield as a grantee, and the husband refused to join in the deed to the 106½ acres given in exchange until the other deed named him as a joint grantee, because he said this was the trade made between the parties; that the deed was then changed before its delivery by writing "C. L." over the name "Nancy", making the deed read, "C. L. Brownfield and wife, Nancy Brownfield", as grantees. Some portions of the testimony mentioned are for the purpose of showing that there was evidence to support

the jury's finding that there was no alteration of the deed after its execution and delivery. None of the testimony given was in any way contradicted, and it must follow that the community funds that went into improvements on the wife's 106½ acres gave the husband an interest to that extent, for which he was entitled to reimbursement. Neither the amount so expended for improvements nor the value of the land is shown by the record, but since C. L. Brownfield's interest was recognized by M. J. Fortenberry when she made him a party grantee, the contention made that he took only in trust for his wife can not be sustained.

■■ Second and third assignments of error complain because the court overruled their motion for judgment non obstante veredicto. The record discloses that such a motion was filed and notice given, but it nowhere appears that any action was taken by the court on the motion; no ruling thereon was made in any judgment or order entered; the effect of such proceeding is that the matter was not called to the attention of the court the same as if complaint is made of the overruling of demurrers when no ruling is shown to have been made thereon. No action of the court is pointed out as error for our consideration. If it could be said that the entry of judgment on the verdict was equivalent to an overruling of the motion for judgment notwithstanding the verdict, to which we do not assent, then we think no error is shown, because the motion was to disregard the verdict and was not confined to an immaterial finding of fact. It is only when a directed verdict would have been proper that such a motion can be sustained. Article 2211, R.C.S. Clearly no directed verdict for defendants would have been proper. We therefore overrule assignments 2 and 3.

■■ The first assignment complains because the 143 acres decreed to plaintiff and defendants equally, share and share alike, was arbitrary and without evidence to support it. We have already seen that the 143 acres referred to is that part reserved and excepted in the deed from M. J. Fortenberry to C. L. and Nancy Brownfield, and on the same day willed to Nancy by her mother, Mrs. Fortenberry. Plaintiff and defendants were Nancy Brownfield's only children; she having died intestate, her children inherited that tract jointly. The judgment complained of designates the 143 acres by metes and bounds, in which 137 acres are described as being that land purchased by M. J. Fortenberry from Jot Gunter et al., on April 18, 1894, by deed recorded in Vol. 192, p. 190, Deed Records of Denton County, and including 6 acres out of the Fortenberry Survey, adjacent to the 137 acres described, so as to form a parallelogram the longside of which joins the 137 acres, and out of a part of the west side of the Fortenberry Survey. The exception reserved in the Fortenberry deed called for 143 acres out of the south and west sides of the 356 acres described therein. The designation of the 143 acres complained of follows, with some degree of accuracy, the lands reserved by Mrs. Fortenberry from the deed to the Brownfields, as well also that described in Mrs. Fortenberry's will. The 6 acres cut out of the Fortenberry 160-acre tract could have been made in another shape and yet not conflict with the deed or will, but it does not appear that there was any difference in the value of the 6 acres so designated by the court and the same number of acres out of the west side of the tract if cut in a different shape. It is not contended that if the 6 acres had been in a different shape or located elsewhere that defendants would have benefited by it. Plaintiff held an undivided one-half interest in the 213 acres under a deed from his father, C. L. Brownfield, the remaining one-half and the 143 acres were owned jointly in equal parts by all parties to the suit, and the only way in which either party could be affected by the judgment as entered would be, if there was a difference in value of the acreage in the vicinity from which the 6 acres were taken; this was not shown by the evidence and it was not made to appear that any loss was sustained by either party. The reservation made in the Fortenberry deed and the will bequeathing the 143 acres furnishes some evidence of a substantial nature in support of the judgment designating the tract which was to be partitioned equally. A judgment otherwise correct will not be reversed for an irregularity termed error of the court, not shown to have deprived the complaining party of a substantial right. Courts of Civil Appeals Rule 62a.

■■ We see no good reason in law or equity to reverse the judgment of the trial court upon the complaint made, when it is not even contended that defendants suffered any wrong or were deprived of any right to which they were entitled, because the

court designated the location of the 143 acres as was done. It may, of course, be possible that it could have been shown that the land being located as it was in the judgment, defendants would have received more in values if it had been otherwise located, yet all this is purely speculative. Appellate courts are not authorized to reverse and remand an errorless judgment solely to enable a party to more fully develop his case upon another trial. Robertson v. Connecticut Gen. Life Ins. Co., Tex.Civ.App., 140 S.W.2d 936; Texas Employers Ins. Ass'n v. Kennedy, Tex.Com.App., 143 S.W. 2d 583; National Life Co. v. McKelvey, 131 Tex. 81, 113 S.W.2d 160; Harris v. Shafer, 86 Tex. 314, 23 S.W. 979, 24 S.W. 263; 3 Tex.Jur., § 804, p. 1143.

Finding no error in the record requiring a reversal of the judgment entered, it becomes our duty to affirm it. It is so ordered.