ASSOCIATED INDEMNITY CORPORA-
TION et al. v. INSURORS INDEMNITY
& INS. CO. et al.

No. 11237.

Court of Civil Appeals of Texas. Galveston.

June 19, 1941.

Rehearing Denied July 24, 1941.

534

Caldwell, Baker & Jordan, of Dallas, for appellant Emmett L. Craig.

Robertson, Leachman, Payne, Gardere & Lancaster, of Dallas (Neth L. Leachman, of Dallas, of counsel), for appellant Associated Indemnity Corporation.

Kemper, Hicks & Cramer, of Houston (William L. Kemper and John G. Cramer, both of Houston, of counsel), for appellee Insurors Indemnity & Ins. Co.

GRAVES, Justice.

This appeal, in a compensation case, by Associated Indemnity Corporation (found by the court, independently of the jury's verdict, to have been compensation-carrier for Perry Thompson, a subscriber) and Emmett L. Craig (found by both court and jury to have been the compensation-claimant against all parties) as appellants, against Insurors Indemnity Company, as appellee, is from a judgment of the 61st District Court of Harris County, entered partly upon and partly notwithstanding some of the findings of the jury in response to special issues submitted;

That is, after a trial on the facts, at which each of the Indemnity Companies denied itself to have been Craig's employer's compensation-carrier on October 21 of 1939, when the accident he declared upon against them both occurred, and Craig himself, in turn, directly and alternatively declared that one or the other, or both of them, had been such insurer at such time, the jury, in response to 15 special issues, in which the court submitted what it then deemed to be the ultimate issues of fact raised by the pleadings and evidence in such controversy, found substantially this: "That Craig at the time of his accident on October 21, 1939, was an employee of the American Iron & Machine Works Company; that he was totally and permanently incapacitated for work, was entitled to his compensation in a lump sum, that with reference to the Humble Company welding job in Louisiana, from which Craig was returning when he received his injuries, Perry Thompson was not an independent contractor; that at the time Craig sustained his injuries, Perry Thompson did not bear the relationship to the American Iron & Machine Works Company of an independent contractor; that Perry Thompson was in the service of the American Iron & Machine Works Company under a contract of hire, express or implied, on October 21, 1939, between him and the Amer-

ican Iron & Machine Works Company; and that between March 14 and October 23, 1939 (which was the date the Associated Indemnity Corporation's compensation policy covering Perry Thompson was in force), Perry Thompson was in the service of the American Iron & Machine Works Company under a contract of hire, express or implied, between him and the American Iron & Machine Works Company."

Thereupon, pursuant to respective motions of appellee Insurors Indemnity and appellant Emmett L. Craig, the court, over the strenuous protest of appellant Associated Indemnity, upon a finding of its own from the evidence, to the effect that all five findings were against the undisputed evidence, disregarded the quoted jury-findings under special issues 1, 12, 13, 13a, and 14, and discharged appellee, Insurors Indemnity, from any liability whatever herein to either other litigant, and rendered its final judgment in favor of appellant Craig, as such compensation-claimant, in the lump sum of $6,876.34 against appellant, Associated Indemnity, alone.

On appeal, the Associated Indemnity, through 9 assignments of error, which, as indicated infra, were only presented in its brief here and not filed below, protests against the judgment so adverse to it, while its coappellant, Craig, through some 6 assignments in his own behalf, supplemented by an amended prayer this court on original submission of the cause permitted him to file here, seeks not only to conserve so much of the recovery as was allowed him below against the other appealing appellant, but also to have this court award him a like recovery against the appellee also—this upon his claim that the pleadings, evidence, and findings of the jury, as a whole, entitled him to a like joint and several judgment against both such Indemnity concerns, which had been allowed him by the Accident Board prior to the institution of this suit in the courts by the appellee, Insurors Indemnity, to set that award aside.

■ At the outset, this court is met with vigorous protest from the appellee against its consideration of any of the assignments of error of either of the appellants, on the ground that it has no jurisdiction or power to disturb the judgment so rendered in appellee's favor, because neither appellant filed a motion for new trial below, nor otherwise properly assigned any of the errors they now seek consideration of here;

and, further, because there plainly exists no fundamental error apparent upon the face of this record; in other words, that this court, in the undisputed circumstances, under the provisions of R.S.Article 2092, Vernon's Ann.Civ.St. art. 2092, commonly referred to as the "Special Practice Act", pursuant to which this cause was tried, as well as to Supreme Court Rule 71a, is limited upon this appellate-review to questions of fundamental error, apparent upon the face of the record, alone, hence cannot entertain the other and different matters tendered for its consideration by either or both of such appellants.

After careful consideration of the greatly extended arguments pro and con over this protest, it is concluded, simply, without undertaking to add anything to the discussion of a purely procedural question, that it is not well taken, under these undisputed facts and the authorities collated thereunder:

The judgment was rendered and entered in this cause by the trial court on January 4, 1941. The term of court of the 61st Judicial District Court of Harris County, Texas, the court in which the case was tried, adjourned on January 5, 1941, the next day after the judgment was rendered and entered. Hence, there was not "full five days time from the rendition of the judgment" (January 4, 1941), "to the adjournment of the court for the term" (January 5, 1941); wherefore, under Rule 71a, as amended, for District and County Courts (page V, 126 Tex.), and Article 1844, R. C.S. of Texas, as amended, Vernon's Ann. Civ.St. art. 1844, this case is properly before this court for the consideration of the errors alleged to have been committed by the trial court, in the assignments of error embodied in the briefs of the two appellants. Title 42, Chapter 6, Revised Civil Statutes of Texas, Article 2092, Vernon's Ann.Civ.St. art. 2092; Rule 71a, as amended by the Supreme Court, effective March 1, 1937, (p. vii of 126 Tex.); Stillman v. Hirsch, Tex.Sup., 99 S.W.2d 270; Grubstake Investment Association v. Worley, Tex.Civ.App., 116 S.W.2d 472; Southern Pine Lumber Co. v. King, Tex.Civ. App., 142 S.W.2d 560, 562; Marlett v. Brownfield, Tex.Civ.App., 145 S.W.2d 636; Pridemore v. San Angelo Standard, Inc., Tex.Civ.App., 146 S.W.2d 1048, error dismissed, judgment correct; Bedner v. Federal Underwriters Exchange, Tex.Civ.App., 133 S.W.2d 214; Art. 1844, Revised Civil Statutes of Texas, as amended, Vernon's

Ann.Civ.St. art. 1844; Commercial Standard Ins. Co. v. Noack, Tex.Com.App., 62 S.W.2d 72.

No others of the jury's findings than the disregarded ones (Nos. 1, 12, 13, 13a, and 14) are attacked by any party, so they must be accepted as the established facts thereby found.

The Associated Corporation is inept in its repeated insistence that its co-appellant here, claimant Craig, " * * * at no time asked the court to enter a judgment in his favor against the Associated Indemnity Corporation (see entire Transcript and p. 66 thereof)."

An examination of the Transcript, to which such reference is made, reveals that appellant, Emmett L. Craig, as cross-plaintiff in the trial court, in the prayer for relief, sought the following judgment: "If upon the trial of said cause it be found that this Defendant and Cross Plaintiff was not working for American Iron & Machine Works Company, but was working for Perry Thompson, in the alternative Cross Plaintiff, Emmett L. Craig, prays that he recover judgment against Associated Indemnity Corporation for the payment of compensation in a lump sum for 401 weeks from and after the 21st day of October, A. D. 1939, at the rate of sixty per cent of his average weekly wage as the same may be found and determined therein, together with interest on all past due installments of compensation from maturity until paid at the legal rate."

Hence, it is apparent that appellant, Craig, did move the trial court for the judgment which was rendered in his favor against appellant, Associated Indemnity Corporation, and from which this appeal is prosecuted.

Since, as indicated supra, appellant Indemnity Corporation admitted that its own compensation-policy covered Perry Thompson for this entire period from March 14 to October 23 of 1939, the trial court's rationale for this stated visitation of the entire liability for Craig's compensation upon it alone was that, in the phrase of the judgment, he was entitled to it "upon those findings of the jury not hereinbefore set aside (that is, numbers 2 to 11, inclusive), and upon the undisputed evidence", in accordance "with the prayer contained in his cross-petition on file herein for judgment over and against the Associated Indemnity Corporation."

The particular findings thus found, and held to have been without any evidence to support them, were, in his verbis, as follows:

"Special Issue No. 1. Find from a preponderance of the evidence whether at the time of Emmett L. Craig's injuries in Louisiana on October 21, 1939, he was an employee, as that term has been defined for you herein, of 'American Iron & Machine Works Co.' or 'Perry Thompson' or 'American Iron & Machine Works Co. and Perry Thompson.'

"Answer: American Iron & Machine Works Company.

"Special Issue No. 12. Do you find from a preponderance of the evidence that with reference to the Humble Company welding job in Louisiana, from which Emmett L. Craig was returning when he received his injuries, Perry Thompson was not an independent contractor?

"Answer: He was not an independent contractor.

"Special Issue No. 13. Do you find from a preponderance of the evidence that at the time Emmett L. Craig sustained his injuries, Perry Thompson did not bear the relationship to American Iron & Machine Works Company of an independent contractor, as that term has been defined herein for you?

"Answer: He was not an independent contractor.

"Special Issue No. 13–A. Do you find from a preponderance of the evidence that Perry Thompson was in the service of the American Iron & Machine Works Company under a contract of hire, express or implied, on October 21st, 1939?

"Answer: We do.

"Special Issue No. 14. Do you find from a preponderance of the evidence that during the time between March 14th, and October 23rd, 1939, Perry Thompson was in the service of the American Iron & Machine Works Company under a contract of hire, express or implied?

"Answer: We do."

Whereas, the remaining 2 to 11, in like fullness, were these:

"Special Issue No. 2. Do you find from a preponderance of the evidence that the said Emmett L. Craig sustained total incapacity to labor on account of the injuries, if any, received by him on or about the 21st day of October, A. D. 1939?

"Answer: We do.

"Special Issue No. 3. Do you find from a preponderance of the evidence that said total incapacity to labor, if any, is permanent?

"Answer: We do.

"Special Issue No. 4. Do you find from a preponderance of the evidence that said total incapacity to labor, if any, is temporary?

"Answer: We do not."

"Special Issue No. 6. Do you find from a preponderance of the evidence that the said Emmett L. Craig has or will suffer partial incapacity to labor as a result of the injuries, if any, sustained on October 21st, 1939?

"Answer: We do not."

"Special Issue No. 11. Do you find from a preponderance of the evidence that this case is a case in which a manifest hardship and injustice will result to the said Emmett L. Craig, if the compensation due him, if any, be not paid in one lump sum?

"Answer: We do."

All the parties joined in this stipulation below: " * * * the reporter who reported this case may and shall in preparing the statement of facts herein, pursuant to Article 2239, R.C.S. [Vernon's Ann.Civ.St. art. 2239], omit therefrom all medical and lay evidence relating solely to the nature, character, and extent of the injuries to Emmett L. Craig and the disability resulting therefrom, as well as all evidence relating to a lump sum payment; that any and all evidence throwing any light upon the relationship, if any, existing between E. L. Craig and Perry Thompson, and/or the American Iron and Machine Works Company shall be included."

So that, from this record, it indisputably appears that the learned trial court nullified on such motions the only portion of the verdict having to do with "the relationship, if any, existing between E. L. Craig and Perry Thompson, and for the American Iron and Machine Works Company", on its own finding that the evidence had not been sufficient to raise a jury-issue out of any one of them.

This action is held to have been erroneous; since it was tantamount to a directed verdict at the close of the testimony under Vernon's Texas Civil Statutes, Art. 2211, (McCray Refrigerator Sales Corp. v. Johnson, Tex.Civ.App., 121 S.W. 2d 410), on appeal, this court will consider the evidence as a whole in the light most favorable to the adverse parties—the appellants—disregarding all conflicts or contradictions that may appear; 3 Tex.Jur., Sec. 749, page 1049.

When this evidence is reviewed under that rule, it seems plain—to say the least of it—that issues of fact as therein posed were clearly raised upon all of the inquiries so submitted in given special issues 1, 12, 13, 13a, and 14; that is, such evidence plainly presented a jury question as to whether Emmett L. Craig was an employee of and subject to the control of the appellee in performing boiler and welding work, as well also as to whether Perry Thompson was likewise one of its employees, and further, as to whether Perry Thompson was an independent contractor in his relationship with the appellee and the employer of Emmett L. Craig.

It would be a work of supererrogation for this court to undertake either to restate or to make a resume in this opinion of evidence that comprised 700 pages of a statement of facts, in addition to many others of original papers and exhibits, hence that will not be undertaken; suffice it to say that, under this court's appraisal, its material gist is this:

(1) It was testified to that Craig performed labor ·in carrying out contracts for boiler and welding operations which had been made by the appellee, that the boiler-truck used by him in doing that work carried its emblem, was purchased by it, and registered in its name in the State of Louisiana, the materials for so performing such work having been secured by him from it, that he was instructed by its employees in charge when, where, and how to perform such work, the charge for the work having been agreed upon between it and its customers, and, finally, that he and others so engaged were paid—in advance— money by it for performing such labor. These circumstances constituted indicia of the relation of employer and employee. Biggins v. Wagner, 60 S.D. 581, 245 N.W. 385, 85 A.L.R. 776; Bristol & Gale Co. v. Industrial Commission, 292 Ill. 16, 126 N. E. 599; Glover v. Richardson & Elmer Co., 64 Wash. 403, 116 P. 861; 20 A.L.R., 792, 793, § 45; Dr. Pepper Bottling Co. v. Rainboldt, Tex.Civ.App., 66 S.W.2d 496; Irvin v. Madden, 281 Ky. 7, 134 S.W.2d 942; Shannon v. Western Indemnity Co., Tex. Com.App., 257 S.W. 522; King v. Gallo-

way, Tex.Com.App., 284 S.W. 942; 39 C. J., 1322, Sec. 1524; Southern Cotton Oil Co. v. Wallace, 23 Tex.Civ.App. 12, 54 S. W. 638; 20 A.L.R. 725, § 16; Smith v. Humphreyville, 47 Tex.Civ.App. 140, 104 S.W. 495; Texas Employers Ins. Ass'n v. Wright, Tex.Civ.App., 96 S.W.2d 744; 20 A.L.R. 722.

■ (2) That the American Iron and Machine Company had procured a policy of group life and health insurance on its employees and had represented to the issuing company that Perry Thompson was one of its employees, thus procuring the issuance of insurance to Thompson; that Thompson himself applied for insurance under the group-life policy, thereby holding himself out as appellee's employee; that the American Iron and Machine Company deducted the premiums from the remuneration paid Thompson for his services, and, at the time of this trial, his name remained on the list of the American Iron and Machine Company's employees covered by such insurance. That testimony tended to show Thompson to have been appellee's employee, rather than an independent contractor. Missouri, K. & T. R. Co. v. Reasor, 28 Tex.Civ.App. 302, 68 S.W. 332, writ of error denied; West Lumber Co. v. Keen, Tex.Civ.App., 221 S.W. 625; Decatur Ry. & Light Co. v. Industrial Board, 276 Ill. 472, 114 N.E. 915; Arizona Hercules Copper Co. v. Crenshaw, 21 Ariz. 15, 184 P. 996.

■ (3) That the employees in charge of appellee's operations, prior to Craig's injury, had been given supervision and control over him and other workmen claimed by appellee to have been employees of Perry Thompson, with authority to fire them, and to require them to do their work over, if unsatisfactory, which circumstances also indicated Thompson to have been the American Iron and Machine Company's employee rather than an independent contractor. 20 A.L.R. 766, § 29; Borderland Coal Co. v. Small, 160 Ky. 738, 170 S. W. 8; Talmage v. Tift, 25 Ga.App. 639, 104 S.E. 91, Western Metal Supply Co. v. Pillsbury, 172 Cal. 407, 156 P. 491, Ann. Cas.1917E, 390; Fluet v. McCabe, 299 Mass. 173, 12 N.E.2d 89, 93.

■ (4) That, under arrangements between appellee and Thompson, he was not employed to do boiler-work for any definite length of time, or until any certain result was accomplished, nor was any specific amount of work contemplated, the arrangements being terminable at the will of either party; but he was to work exclusively for it. This testimony tended to raise an issue of fact as to whether or not he was an independent contractor. El Paso Laundry Co. v. Gonzales, Tex.Civ. App., 36 S.W.2d 793; Haynes v. Taylor, Tex.Com.App., 35 S.W.2d 104; American National Ins. Co. v. Denke, Tex.Civ.App., 65 S.W.2d 522; 14 R.C.L., Sec. 9, p. 72; 39 C.J., 1322, Sec. 1525; J. W. Zempter Const. Co. v. Rodgers, Tex.Civ.App., 45 S.W.2d 763; Texas Employers' Ins. Ass'n v. Owen, Tex.Com.App., 298 S.W. 542; Southern Cotton Oil Co. v. Wallace, 23 Tex.Civ.App. 12, 54 S.W. 638; Shannon v. Western Indemnity Co., Tex.Com.App., 257 S.W. 522, 524; Haynes v. Taylor, Tex.Com. App., 35 S.W.2d 104; United States Fidelity & Guaranty Co. v. Lowry, Tex.Civ. App., 231 S.W. 818, 822.

■ These conclusions require a reversal of the appealed-from judgment, which is accordingly ordered, and, since they in effect reinstate the jury's verdict in full, they require the rendition here of such a judgment as the trial court should have pronounced; since the appellee was admittedly the insurance-carrier for the employees of the American Iron & Machine Works Company, of which the appellant Craig was found to constitute one, and, as Perry Thompson was also found not to have been an independent contractor, no basis—under its policy covering him—for a judgment against appellant Associated Indemnity Corporation is left; wherefore, it follows that appellee alone was liable to Craig for the compensation involved; this court's judgment will therefore enter, as prayed for by the appellant Craig, in his favor against the appellee, Insurors Indemnity Insurance Company, for the sum of $6,876.34, with interest at the legal rate from January 4, 1941, until paid, and that appellant Associated Indemnity Corporation be discharged with its costs.

Reversed and rendered.