31750. SELLERS *v.* SELLERS.

Decided January 27, 1948.

*Logan & Scott,* for plaintiff in error.

*Hamilton Kimzey, Herbert B. Kimzey,* contra.

MacIntyre, P. J. ■ Paul Sellers brought an action in trover against Tom Sellers to recover possession of twenty-two cords of pine pulpwood. The case proceeded to trial, and at the conclusion of the evidence the trial judge directed a verdict in favor of the plaintiff for $198. The defendant made a motion for new trial based on the general and three special grounds. This motion was overruled with the direction that the plaintiff write off $44 of the judgment, leaving a judgment for $154. With this

direction the plaintiff complied, and the defendant excepted.

There was evidence that the plaintiff by parol agreement cut pulpwood from the land of H. D. and Mattie Allen Webb and paid them $.50 per cord as cut; that the plaintiff was notified by an attorney for Webb to cease cutting the wood before September 15, 1943, but the plaintiff continued to cut; that the plaintiff cut the wood in question during December, 1943, and the first week of January, 1944; that H. D. and Mattie Allen Webb conveyed the land on which the pulpwood had been cut to Tom Sellers on February 8, 1944; that the pulpwood had a value of $9 per cord at the railroad siding, and the cost of moving the pulpwood from the woods to the railroad siding was $2 per cord; that the plaintiff had title to the pulpwood and was entitled to its possession; and that the defendant converted the pulpwood and refused, after demand, to return possession.

The defendant contends that the evidence shows that the plaintiff was a trespasser and as such had no such title, or right of possession, to the pulpwood in question as would support an action in trover.

The evidence discloses that the plaintiff bought the pulpwood in question as cut from a certain tract of land belonging to H. D. and Mattie Allen Webb, and that after the pulpwood had been cut the said Webbs sold the land from which the pulpwood had been cut to Tom Sellers. There was no mention made in the deed as to this pulpwood.

"It is well settled that, to support an action of trover, the plaintiff must show either title in himself at the time when the suit was commenced, prior possession, or the right of possession." *Southern Ry. Co. v. Strozier*, 10 *Ga. App.* 157 (1) (73 S. E. 42).

"Mere possession of a chattel, though without title or wrongful, shall give a right of action for any interference therewith, except as against the true owner or the person wrongfully deprived of possession." Code, § 105-1702.

"As a general rule, as is laid down in the decisions from this court . . a plaintiff in order to recover in trover must show title in himself. Possession is presumptive evidence of title, and becomes conclusive evidence against a mere wrongdoer; he not being allowed to set up the 'jus tertii.' . . 'The law is, that if a person is peaceably and quietly in possession of a chattel

as his own property, a person who takes it from him having no good title is a wrong-doer, and such person can not defend himself by showing that the chattel is not the property of the plaintiff, but the property of a third person.'" *Mitchell* v. *Georgia & Alabama Ry.*, 111 *Ga.* 760, 764 (36 S. E. 971, 51 L. R. A. 622).

The deed in question merely conveyed the realty from which the pulpwood had been previously cut. Anything detached from the realty becomes personalty immediately upon being detached therefrom; thus, the defendant Tom Sellers did not purchase the pulpwood which had already been severed from the realty at the time the deed to the land was made to him.

Even if Paul Sellers, the plaintiff, had only the mere possession of such pulpwood in his own right, or under claim of property, either general or special, this was sufficient to base his right of action in trover, and the plaintiff's presumptive evidence of title became conclusive evidence of title against the defendant who, so far as the record shows, had no title and was a mere wrongdoer.

The trial judge did not err in directing a verdict for the plaintiff.

■ The defendant contends that the court erred in directing such a verdict, for the reason that the pleadings of the plaintiff as originally filed alleged that fifteen cords of pine pulpwood of the value of $150 were converted, and the amendment alleged that twenty-two cords of pine pulpwood of the value of $220 were converted; therefore the plaintiff's evidence was conflicting as to the quantity of the pulpwood converted and its net value, and raised a question of fact for the jury to pass upon.

This contention is not meritorious. "Where a part of a petition or of a plea is stricken by amendment, the stricken part may, if pertinent to any issue remaining in the case, be offered in evidence; but, unless so offered and admitted in evidence, it is not evidence for the consideration of the jury or proper matter for argument of counsel, save only where the amendment is made after the evidence is closed." *Continental Trust Co.* v. *Bank of Harrison*, 36 *Ga. App.* 149 (7) (136 S. E. 319).

■ In special ground three of his amended motion for new trial the defendant states: "The court erred in directing a verdict in favor of the plaintiff and against the defendant for

the reason that the evidence of plaintiff tended to show that the value of the pulpwood as described in the trover action was $9 per cord at the railroad siding, and that the cost of removing the wood from place of cutting to the railroad would be worth $2 truck hire per cord, besides cost of labor loading and unloading, there being no evidence that the wood was ever placed on railroad siding. Thus, the highest proven value of the wood would be $7 per cord, before deducting the labor cost, at the time of conversion, if said wood was converted. The question of highest proven value, as well as the fact of conversion or no conversion, being questions solely within the province of the jury to determine."

The judgment of the court provided: "It being undisputed that the value of the wood where located was $7 per cord instead of $9 per cord, the judgment should be written off to $154 principal instead of $198. It is therefore the judgment of the court that, upon the judgment being written off to $154 principal, a new trial be and the same is hereby refused, otherwise granted."

The plaintiff wrote off the judgment to $154, which met the objection in this ground of the motion for new trial; therefore this ground as against the defendant shows no reversible error.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*