36291. GUTHRIE, etc. *v.* ROBBINS HOME IMPROVEMENT CO., INC.

Decided October 24, 1956—Rehearing denied November 19, 1956.

582

584

*George D. Stewart, Julian E. Gortatowsky, Willingham, Gortatowsky & Morrison, J. E. B. Stewart,* for plaintiff in error.

*Hurt, Gaines & Baird, J. Corbett Peek, Jr.,* contra.

FELTON, C. J. 1. The court did not err in sustaining the general demurrer to Count 2 of the petition. There are no allegations in this count to the effect that although the subcontractor and his servant were ignorant and uneducated they were incompetent; nor are there allegations that the defendant or its agents had any reason to believe that the subcontractor or his agent and employee intended to begin the work in question without properly ventilating the premises.

2. The court erred in sustaining the general demurrer to Count 3 of the petition. Count 3 alleged that the work was inherently dangerous to all persons in the residence and that the defendant and Byrdsong had knowledge of that fact, and that "this dangerous undertaking involved duties nondelegable by an employer to an independent contractor, etc." If the duties being performed by an independent contractor, for whatever reason, were not delegable to a subcontractor, whether they were dangerous or not, the subcontractor in law is to be regarded as the servant, employee or agent of the employer as principal contractor. The plaintiff cannot be penalized for alleging too much, if she did allege too much in alleging that the work was inherently dangerous to all in the house. When an owner contracts with a contractor for work to be done and there is no provision in the contract authorizing the employment of independent subcontractors, if subcontractors are employed they are as to the

owner the employees, agents or servants of the principal contractor and he is liable for their negligence unless the owner is bound by a custom (*Wood* v. *Frank Graham Co.*, 91 *Ga. App.* 621, 86 S. E. 2d 691), or unless the owner acquiesces in the employment of subcontractors or is barred under some other rule of law from urging the contractor's lack of authority to employ a subcontractor. This principle is of vital importance to owners and builders. In its absence contractors could shirk grave responsibilities and leave owners and builders with recourse only to financially irresponsible subcontractors, without bond or indemnity protection. The allegation that the duties involved were nondelegable to an independent subcontractor, as against a general demurrer, does not require a construction of the count to allege that the subcontract was binding on the owner and that the defendant was liable under an exception in Code § 105-502. This Code section applies in cases where the contract with the owner contemplates subcontractors or the owner is otherwise committed to their employment. Since the defendant owed the duty of ordinary care to the owner under the allegations of the petition, the duty extended to the guests of the owner and to all who rightfully came within the orbit of danger created by those doing the work. *Moody* v. *Martin Motor Co.*, 76 *Ga. App.* 456 (46 S. E. 2d 197).

3. Since the court erred in sustaining the demurrer to Count 3 the further proceedings were nugatory.

The court did not err in sustaining the general demurrer to Count 2.

The court erred in sustaining the general demurrer to Count 3.

*Judgment affirmed in part and reversed in part. Quillian and Nichols, JJ., concur.*