## 43174. WOODY v. RALSTON PURINA COMPANY.

BELL, Presiding Judge. This appeal protests the grant of a summary judgment in plaintiff's favor in a suit on a note. Where, as here, the note contains the usual statement of consideration, "for value received," and the suit is between the original parties, parol evidence is admissible to show the true consideration and that the consideration failed. *Jones v. Lawman,* 56 Ga. App. 764, 773 (194 SE 416). The defendant pleaded a failure of consideration in that appellee had failed and refused to provide feed for the birds as required by an oral agreement. At the hearing the only evidence submitted by the plaintiff was a deposition of the defendant. The defendant, in opposition to the motion, submitted his personal affidavit. On summary judgment the court is required to take that view of the evidence most favorable to the party against whom the motion is directed, giving to that party the benefit of all favorable inferences that may reasonably be drawn from the evidence. *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 4 (1) (126 SE2d 442). This is true even though the only evidence offered is by a party to the suit. This constitutes an exception to the rule applied in *Davis v. Akridge,* 199 Ga. 867 (2) (36 SE2d 102) and similar cases. A summary judgment should not be granted if the evidence merely preponderates toward one party's theory rather than toward the other party's theory or if the evidence does no more than disclose circumstances under which either satisfactory proof of plaintiff's case or a satisfactory defense by defendant will be highly unlikely on a trial. *Watkins v. Nationwide &c. Ins. Co.,* 113 Ga. App. 801, 803 (149 SE2d 749). Applying the foregoing rules the most favorable inference to be drawn from the evidence is that the defendant did not receive all of the true consideration for the note. The plaintiff did not show that the consideration for the note did not include its furnishing cost-free feed for the defendant's chickens.

*Judgment reversed. Pannell and Whitman, JJ., concur.*

ARGUED NOVEMBER 8, 1967—DECIDED FEBRUARY 21, 1968—
REHEARING DENIED FEBRUARY 29, 1968.

*Robinson, Thompson, Buice & Harben, C. Frank Strickland, Jr.,* for appellant.

*Kenyon & Gunter, Julius M. Hulsey,* for appellee.