### 43467. BOATRIGHT v. PADGETT MOTOR SALES, INC. et al.

SUBMITTED FEBRUARY 6, 1968—DECIDED APRIL 2, 1968.

*Sumner & Boatwright, J. Laddie Boatwright,* for appellant.

*Leon A. Wilson, II,* for appellees.

QUILLIAN, Judge. This case does not involve the partial grant of summary judgment as to certain issues under former *Code Ann. Ch.* 110-12 (Ga. L. 1959, p. 234), now *Code Ann.* § 81A-156 (Ga. L. 1966, pp. 609, 660; Ga. L. 1967, pp. 226, 238). Thus, the rule is applicable: "In order for evidence presented on a motion to demand that a summary judgment be granted, it must establish that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *International Brotherhood v. Newman,* 116 Ga. App. 590, 592 (158 SE2d 298). An action for trover lies where there is an

unauthorized assumption and exercise of the right of ownership over personal property belonging to another in hostility to his rights—an act of dominion over the personal property of another inconsistent with his rights, or an unauthorized appropriation. *Wood v. Frank Graham Co.*, 91 Ga. App. 621, 622 (86 SE2d 691).

There is no question that where one is delivered possession of an automobile for the purpose of making repairs and holds the vehicle in assertion of his special lien for making such repairs (under *Code Ann.* § 67-2003 (Ga. L. 1953, Nov. Sess., p. 275; Ga. L. 1960, pp. 912, 913)), his refusal to deliver the automobile upon demand does not constitute a conversion. *Truscott v. Garner*, 92 Ga. App. 95 (88 SE2d 197); *Buice v. Campbell*, 99 Ga. App. 334, 336 (108 SE2d 339).

However, in the instant case, the counter affidavit of the plaintiff reveals that on demand the defendants did not return the battery, alternator or certain other parts of the vehicle. Thus, although the defendant's affidavit disavows a claim to any portion of the automobile other than the installed engine, due to this conflict in the evidence, an issue of fact is presented as to whether there was an unauthorized appropriation by the defendants of these items. While the plaintiff's affidavit in this regard is not altogether clear and devoid of ambiguity, on summary judgment the burden is upon the moving party, and the party opposing the motion is given the benefit of all reasonable doubts and all favorable inferences that may be drawn from the evidence. *Holland v. Sanfax Corp.*, 106 Ga. App. 1, 4-5 (126 SE2d 442). Hence, there is an issue, at least, as to a portion of that claimed by the plaintiff, and the trial judge erred in granting the defendant's motion for summary judgment.

*Judgment reversed. Bell, P. J., and Hall, J., concur.*