## 43965. SHUTLEY et al. v. HITE.

BELL, Presiding Judge. George Shutley and his wife and daughter brought three suits against Freeman Hite to recover for personal injuries sustained in an automobile collision. The Shutleys took this appeal from the grant of summary judgments for defendant. The Shutley car was stopped in the right-hand lane of a public highway, facing oncoming traffic, waiting for a car ahead to make a left turn. The Hite car, traveling in the same lane, struck the Shutleys from the rear. Supporting affidavits and testimony show that Hite had come to a complete stop behind the Shutleys and that a third vehicle, following Hite, struck Hite's car from the rear and propelled it into the Shutleys. However, the opposing affidavit of Mrs. Shutley, who was sitting in the front seat of the Shutley car, shows that immediately prior to the collision she turned around to look at her children in the back seat, then saw the Hite vehicle approaching rapidly and realized that a collision would occur; she did not see another car behind Hite at that time and did not see or hear any collision preceding that in which Hite struck the Shutleys; a third car was involved in the collision, but if it had struck the Hite car first she would have seen it. *Held:*

On summary judgment the court is required to take that view of the evidence most favorable to the opposing party, giving him the benefit of all favorable inferences that may reasonably be drawn from the evidence. *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 4 (126 SE2d 442) ; *White v. Morris,* 114 Ga. App. 618, 620 (152 SE2d 417). This is true even if the affidavit or testimony of the opposing party is not clear or is ambiguous or inconsistent. *Boatright v. Padgett Motor Sales,* 117 Ga. App. 578, 581 (161 SE2d 402) ; *Woody v. Ralston Purina Co.,* 117 Ga. App. 352 (160 SE2d 662). A summary judgment should not be granted if the evidence merely preponderates toward the movant's theory or if the evidence does no more than disclose circumstances under which satisfactory proof of the opposing party's case on trial appears to be highly unlikely. *Watkins v. Nationwide &c. Ins. Co.,* 113 Ga. App. 801, 803 (149 SE2d 749). Under the foregoing principles, Mr. Shutley's affidavit leaves jury issues extant in these cases as to whose negligence caused the collision with the Shutley car.

*Judgments reversed. Hall and Quillian, JJ., concur.*

ARGUED OCTOBER 8, 1968—DECIDED NOVEMBER 15, 1968.

*Payne, Barlow & Green, William O. Green, Jr., Richard C. Alderman,* for appellants.

*Reed & Tate, Raymond M. Reed, J. Dudley McClain,* for appellee.