## 15354.  POSTAL TELEGRAPH-CABLE COMPANY *v.* TUCKER.

Where the owner of an automobile-truck is employed by the day to operate it in hauling men and materials, and performs all the duties incident to the employment under the direction of the employer, the employee is, when operating the truck pursuant to the employment, the servant of the employer, and is not an independent contractor.

DECIDED FEBRUARY 28, 1925.

Certiorari; from Fulton superior court—Judge Humphries. December 3, 1923.

Wood, the owner of an automobile-truck, contracted with the Postal Telegraph-Cable Company to use the truck in doing certain hauling for the company, for which the company was to pay him $10 per day, and to furnish gasoline and oil and pay all the expenses. His duties were to drive the truck and haul men and material from place to place along the route of the Georgia Railroad under the direction of the employer's foreman, while servants of the employer loaded and unloaded the truck, and were transported on the truck for such purposes. He had no other duty to perform than operating the truck when directed by the foreman. He went nowhere of his own volition, but "did everything under orders" of the Postal Telegraph-Cable Company. While the truck was being operated from Conyers to Ingleside, "under the direction of the foreman, to get some poles," it ran into and demolished a plate-glass window in the garage of C. J. Tucker Motor Company at Lithonia, on the Stone-Mountain road leading to Ingleside, where Wood had stopped for the purpose of procuring an attachment for the truck. Tucker, doing business as the C. J. Tucker Motor Company, brought suit in the municipal court of Atlanta against the Postal Telegraph-Cable Company, to recover the value of the plate-glass window, alleging that it had been destroyed as a result of negligent operation of the truck by Wood as the defendant's servant. A verdict was rendered for the plaintiff. The defendant sued out certiorari, the certiorari was overruled, and the defendant excepted. It is conceded by the plaintiff in error that the sole question for determination is whether Wood, at the time of the occurrence complained of, was a servant of the defendant, or was an independent contractor.

*Anderson, Rountree & Crenshaw,* for plaintiff in error.

*Bond Almand,* contra.

STEPHENS, J.   (After stating the foregoing facts.)   It appears. from the evidence of the driver of the truck, who was employed by the day, that he, in the discharge of the duties of his employment, went from place to place under the direction of the foreman of the employer, and did everything in accordance with orders given him by the employer, and did nothing of his own volition. The evidence authorizes the inference that the employee was not employed to produce a general result without any interfering directions from the employer, but that the employer retained the right "to direct or control the time and manner of executing the work," and that therefore the employee, while engaged in operating the truck when the damage sued for occurred, was a servant of the employer and was not an independent contractor.

The verdict for the plaintiff was authorized, and the superior court did not err in overruling the certiorari.

*Judgment affirmed.   Jenkins, P. J., and Bell, J., concur.*