MARIE LACOMBE, APPELLANT, v. CUDAHY PACKING COMPANY, RESPONDENT.

Argued February 8, 1927—Decided May 16, 1927.

1. The C. Company was a dealer in meats. It hired of D., who was engaged in the general trucking business, a motor truck to take the place of one it withdrew from service for repairs. D. furnished the chauffeur and supplies for the truck. The C. Company paid D. $25 per day. D. paid the chauffeur and paid for the supplies. The C. Company sent its servant on the truck to direct D.'s chauffeur where to make deliveries. While thus engaged the truck struck and injured a young woman who brought suit against the C. Company and D. At the trial a nonsuit was directed in favor of the C. Company upon the ground that the truck was under the control and operation of D.'s servant at the time of the accident, and the C. Company was not, in the absence of any relation of master and servant between it and the chauffeur, liable to the plaintiff for the negligent operation, if any, of the truck—*Held*, that the nonsuit was properly granted.

2. Testimony offered by the plaintiff examined, and *held*, to contain no evidence that at the time of the accident the servant of the C. Company was in the control and operation of the truck.

On appeal from the Supreme Court.

For the appellant, *Stickel & Stickel.*

For the respondent, *Robert Carey.*

The opinion of the court was delivered by

KATZENBACH, J.   On July 30th, 1924, Marie Lacombe, a young woman, thirty-one years old, was struck on Washington avenue, in the town of Belleville, in Essex county, by an automobile truck and injured.   The truck was owned by James J. Dawkins and was driven by one McEwan, a servant of Dawkins.   The Cudahy Packing Company, a corporation engaged in the sale of meats, delivered its products to customers in Essex county.   The truck which it used to cover this route broke down.   Dawkins conducted a general trucking business at 24 Worth street, in the city of New York, under the name of the Dawkins Trucking Company.   The Cudahy Packing Company (hereinafter called the Cudahy Company) hired of Dawkins a truck and driver for the purpose of making the deliveries of meats to its customers in Essex county.   The truck and driver were sent to the place of business of the Cudahy Company in New York City.   The truck was loaded and then driven by McEwan, Dawkins' employe.   The Cudahy Company placed on the truck a man by the name of Gibney to show McEwan where to go.   Gibney attended to the details of the deliveries of the goods.   He had nothing to do with the operation or control of the truck. Dawkins charged $25 a day for the truck and the services of McEwan.   Dawkins paid the wages of McEwan and for the gasoline and supplies necessary for the operation of the truck. The accident occurred while McEwan was driving the truck.

Miss Lacombe instituted in the Supreme Court an action against the Cudahy Company and Dawkins to recover damages for the injuries she received.   The venue was laid in Essex county.   At the trial at the Essex Circuit a nonsuit was entered as to the Cudahy Company on direction of the trial judge.   The court then permitted the plaintiff to enter a voluntary nonsuit as to Dawkins.   From the judgment of

nonsuit entered in favor of the Cudahy Company the plaintiff below has appealed.

In disposing of the motion to nonsuit made in behalf of the Cudahy Company the trial judge discussed the law and the evidence applicable to the case. He based his decision upon the recent opinion of this court in the case of *Courtinard v. Gray Burial and Cremation Co. et al.*, 98 *N. J. L.* 493.

In directing the nonsuit to be entered we are of the opinion that the learned trial judge ruled correctly. We consider the facts of the present case bring it within the law as declared by this court in the Courtinard case. In the Courtinard case the plaintiff was injured by being struck by an automobile hearse. The defendants Caseys were undertakers with an establishment in Plainfield, in this state. They were engaged to direct a funeral. They required an automobile hearse which they hired with a driver from the Gray Company. One of the Caseys sat on the front seat with the driver of the hearse and directed him to the cemetery where the interment was to take place. In passing through New York City the hearse struck and injured Courtinard. At the trial of the case, which grew out of the accident, the Gray Company (co-defendant with the Caseys) obtained a nonsuit. The jury rendered a verdict against the Caseys. The judgment entered on this verdict was reversed by this court. The grounds for reversal as stated in the opinion were that the "elements of hiring, control, direction and power of dismissal are made distinct *ratio decidendi* and present the fundamental tests of liability of the occupant and hirer of the coach under the legal status test of master and servant." *New York, Lake Erie and Western Railroad* v. *Steinbrenner*, 47 *N. J. L.* 161. Applying these principles the Caseys neither hired nor directed nor controlled the driver, and hence were not liable for the acts of the driver employed by the Gray Company.

In the instant case the same elements are present. Dawkins hired the truck as the Gray Company hired the hearse. McEwan was the servant of Dawkins, just as the driver of the hearse was the servant of the Gray Company. In each case the vehicle had to be loaded and in each case the driver had

to be informed by the hirer or his agent of the destination or route to be followed. While in the ·present case more directions were given to the driver than in the Courtinard case, this does not differentiate the cases. It is merely a difference of degree, not of kind. The controlling question is, Who was in control and operation of the vehicle at the time the accident occurred? The one who is in control and operation, either personally or by a servant, is the one who must respond in damages to the person injured if negligent operation of the· vehicle is proven. Since the decision of the Courtinard case there has been decided in this court another case involving the same principle of law and embodying facts similar to those' in the Courtinard case and in the present case. This is the case of *Busch* v. *Seaboard By-Product Coke Co.*, 100 *N. J. L.* 304. In this case a man by the name of Cullum was trading as the Calumet Coke Company. He purchased coke by wholesale and sold it retail. The coke had been purchased by Cullum from the Seaboard Company. This company decided to do a retail business. It engaged Cullum to deliver the coke in his trucks at stipulated prices per ton, graduated by zones of distance covered in making the deliveries. A truck marked "Seaboard By-Product Coke Co.," in making a delivery, injured Busch. The driver was employed and paid by Cullum. The truck which struck the plaintiff had been purchased by Cullum under a conditional sale agreement. Cullum kept in his office the accounts of the deliveries made and monthly rendered bills to the Seaboard company based on the contract between him and the Seaboard company. The direction of a verdict by the trial judge in favor of the Seaboard company was approved by this court and the judgment entered on said verdict was affirmed.

The appellant seeks to distinguish the present case from these cases. The appellant calls attention to the fact that in the Courtinard case Casey, one of the hirers of the hearse, "gave no directions and exercised no control over the machine, except to state generally to the driver the cemetery objective of the funeral," while in the instant case not only was the representative of the hirer on the truck, but he constantly

gave directions where the driver should go; that there was
no single instruction and a leaving of everything else to the
driver, as in the Courtinard case, but a constant and per-
sistent supervision on the part of Gibney. The difference in
the facts recited does not distinguish the Courtinard case
from the present case. In each case the hirer gave such
instructions as were necessary to effectuate the purpose of
the hiring. The fact that Gibney, the employe of the Cudahy
Company, may have given more instructions than Casey in
the Courtinard case, affords no basis for departing in the
present case from the legal principle heretofore given which
controls this class of cases. It is quite immaterial how many
stops or how many directions were given so long as the con-
trol and operation of the truck was that of Dawkins, the
independent contractor. This applies also to the point made
by the appellant that in the Courtinard case the driver of the
hirer paid the ferriage charges, while in the case under con-
sideration the Cudahy Company representative paid them.

The appellant next contends that the direction of a nonsuit
as to the Cudahy Company was erroneous because there was
evidence that at the time of the accident the actual driver
of the truck was not Dawkin's driver, McEwan, but Gibney,
the agent of the Cudahy Company. It is insisted that this
evidence required the submission of the case to the jury on
the theory that if Gibney was driving the Cudahy Company
would be responsible for the accident. We think this con-
tention legally unsound in two respects. There was no evi-
dence, in the first place, that Gibney was driving the truck
at the time of the accident. McEwan testified that he was
driving. The appellant relies upon a statement made by a
witness by the name of Rose Dolan to the effect that there
were two men on the truck and the one who was driving had
a white coat on. Another witness, Anna Seria, testified that
there were two fellows on the truck and that the fellow with
a white coat was driving the truck. McEwan said he did not
have a white coat on. There was no evidence that Gibney
wore a white coat. The testimony of the two women
amounted to nothing more than that in their opinion the man
who was driving wore a white coat. From this testimony it

cannot be inferred that Gibney was driving in the absence of testimony that Gibney wore a white coat. The correct inference to be drawn from the testimony of these witnesses, in view of the positive testimony of McEwan, that he was driving and wore no white coat, is not that Gibney was driving the truck at the time of the accident, but that they were mistaken in their observation. This testimony does not even amount to a scintilla of evidence that Gibney was driving the truck at the time of the accident. It cannot counteract the positive testimony of McEwan that he was driving. If, on this supposed evidence, the case had been left to the jury and a verdict rendered for the plaintiff the verdict would have to be set aside.

The view we entertain on this aspect of the case makes it unnecessary to consider the second question under this phase of the case, namely, whether, if Gibney had been negligently driving the truck at the time of the accident, he would have been, under the circumstances of the hiring as heretofore given, so acting within the scope of his employment as to render the Cudahy Company liable to respond to the plaintiff in damages for the injuries she received.

Counsel for the appellant cites in the brief filed many cases in other jurisdictions which conflict with the views of this court as expressed in the Courtinard and Busch cases. We follow, and it is our duty so to do, the law as laid down in the decisions of our courts. This court is not alone in having held the law to be that stated in the decisions referred to. Courts of other states for whose decisions we entertain profound respect have held the same.

Counsel for the appellant cites two New Jersey cases which they claim hold a contrary view to the one expressed in the Courtinard and Busch cases. These are the cases of *Winter* v. *North Jersey Bus Co.,* 5 *N. J. Mis. R.* 42, and *Warne* v. *Moore,* 86 *N. J. L.* 710. The Winter case supports the disposition we make of the present case. In the Winter case the judgment rendered was against the owner of the bus which at the time of the accident was being driven by a driver of the owner, although in use for another company (the Paterson Riverdale Company) which had asked for the loan

of the bus to take the place of one of its buses which was out of repair. The Paterson Riverdale Company had, at the time the accident occurred, its chauffeur on the bus collecting fares and directing the movements of the bus. The situation presented in the Winter case is almost identical with that of the present case.

In the case of Warne *v.* Moore the defendant had an automobile in Trenton. He hired one Marchese, a chauffeur, to drive it to Paterson. En route an accident occurred. Moore was sued. At the Circuit he obtained a nonsuit on the ground that the plaintiff had failed to establish the relation of master and servant between him and Marchese. This court reversed the nonsuit on the ground that the defendant had hired Marchese for the trip and this made Marchese the defendant's servant. It will, therefore, be observed that the Moore case supports the view we entertain. The one who controls and operates the car is the person liable to one who is injured by negligent operation. The master makes the selection of the servant. He (the master) becomes thereby responsible for the servant's acts committed within the scope of the employment.

The judgment of nonsuit is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 14.

*For reversal*—None.