23542. ALBERT *v.* HUDSON *et al.*

STEPHENS, J. 1. Where the owner of an automobile truck hires it, together with his servant who operates it, to another person, to be paid for at so much an hour, for use in the hauling of gravel for the latter, notwithstanding the work is performed under the direction and supervision of the person to whom the truck and the servant are hired and this person directs the servant as to what gravel to haul, where to

haul it, and when to haul it, and this is the only supervision and control he exercises over the truck and the servant, and he has no supervision, direction, or control over the servant's mechanical operation of the truck, and has no right to discharge the servant or to put another one in his place in the operation of the truck, although he may have a right to discharge the unit consisting of the truck and the servant by discontinuing their service, the servant, in the operation of the truck, is the servant of the owner and not of the other person. The owner of the truck is engaged in hauling gravel through the servant, the operator of the truck, subject only to hauling it at the·direction of the person to whom the truck and the servant are hired as to what gravel to haul, where to haul it, and when to haul it. *Atlanta Coach Co.* v. *Curtis,* 42 *Ga. App.* 639 (157 S. E. 344); *Mitchem* v. *Shearman Concrete Pipe Co.,* 45 *Ga. App.* 809 (165 S. E. 889); *Greenberg & Bond Co.* v. *Yarbrough,* 26 *Ga. App.* 544 (106 S. E. 624); Babbitt *v.* Say, 120 O. St. 177 (165 N. E. 721); Antonelly *v.* Adam, 175 Minn. 438 (221 N. W. 716); Shepard *v.* Jacobs, 204 Mass. 110 (90 N. E. 392); Lacombe *v.* Cudahy Packing Co., 103 N. J. L. 651 (137 Atl. 538); Dubison *v.* McMullin, 163 Ark. 186 (259 S. W. 400); Billig *v.* Southern Pacific Co., 189 Cal. 477 (209 Pac. 241); Forbes *v.* Reinman, 112 Ark. 417 (166 S. W. 563, 51 L. R. A. (N. S.) 1164); Densby *v.* Bartlett, 318 Ill. 616 (149 N. E. 591, 42 A. L. R. 1406, 1421); *Brown* v. *Smith & Kelly Co.,* 86 *Ga.* 274 (12 S. E. 411, 22 Am. St. R. 456); *Perry* v. *Lott,* 38 *Ga. App.* 729 (145 S. E. 479). Where the servant, in the operation of the truck while engaged in hauling gravel pursuant to the contract between the owner and the person to whom the truck and the servant are hired, negligently operates it by backing it upon another person and injuring him, and this negligence is the proximate cause of the injury, the owner is liable in damages therefor.

2. Where at the time of the injury the plaintiff was not an employee of the defendant, but may have been an employee of the person to whom the defendant's truck and servant had been hired, and may have been entitled to compensation from his employer for his injuries, under the workmen's compensation act, the provisions of that act are not applicable as between the plaintiff and the defendant; and the plaintiff, by the provisions of that act, is not deprived of his common-law right to recover, as against the defendant, damages for his injuries where they were proximately caused by the defendant's negligence.

3. Upon the trial of a suit by the injured person, against the owner of the truck, to recover for damage alleged to have been proximately caused by the negligence of the defendant, through its servant in the operation of the truck, where the evidence adduced tended to establish the facts as above indicated, a verdict for the plaintiff was authorized, and it was error to direct a verdict for the defendant.

*Judgment reversed. Sutton, J., concurs. Jenkins, P. J., disqualified.*

DECIDED SEPTEMBER 21, 1934.

*Douglas, Douglas & Andrews, Hewlett & Dennis,* for plaintiff.
*Haas, Gambrell & Gardner,* for defendants.