## 26121. WALLACE *v.* PRICE *et al.*

DECIDED MAY 15, 1937.

*Barry Wright, G. W. Langford,* for plaintiff.

*S. W. Fariss, Rosser & Shaw,* for defendants.

SUTTON, J. James T. Wallace brought suit for damages for personal injuries against J. A. Howard, W. F. Price, and Fred Robertson, and alleged that Howard and Price owned certain lumber in common, or as partners, and had sold and were engaged in transporting and delivering the lumber to the purchasers in Chattanooga, Tennessee, when the truck, which was driven by Robertson as their agent, collided with the automobile driven by the plaintiff, thereby causing his alleged injuries. The defendants answered, denying liability; and Price denied that Robertson, the driver of the truck, was his agent or servant. The case proceeded to trial, and at the conclusion of the evidence for the plaintiff, on motion of counsel for the defendants, the judge granted a nonsuit as to Price, and the exception here is to that judgment, a mistrial having been declared as to the other two defendants when the judgment of nonsuit was entered. The evidence adduced on the trial disclosed that Price owned certain timber, and Howard owned a sawmill; and that they entered into a written

agreement whereby Price sold to Howard one undivided half interest in the timber at a named price, the contract stipulating that Price was to cut and log the timber to mill-sites, and Howard was to saw the logs into lumber at his own expense, and each of them was to have one undivided half interest in the lumber. The contract provided how Howard was to pay Price for the half interest in the timber, and further stipulated "that said second party [Howard] shall have the right to sell whatever portion of the run of said mills and deliver the same to customers wherever the lumber may be sold at a price agreeable to both parties, deducting from said price of sale the expenses of delivering said lumber to purchaser, and accounting to said first party [Price] for all sums over the cost of delivery; said second party agrees to stack all lumber not sold direct from the saw on suitable places where the same shall remain until mutually disposed of by both parties." The testimony of Howard and Price, who were introduced and cross-examined by the plaintiff, was to the effect that they were common owners of the lumber; that Howard owned a truck, had Fred Robertson employed by the day to drive the truck, and paid him; that Price paid Howard so much per thousand for hauling his part of the lumber; that they had this agreement between them all the time, and agreed on different prices for hauling the lumber to different places; that they had agreed on $2.50 per thousand for hauling the lumber that was on the truck when the collision in question occurred, and Price was to pay one half of this amount. If Howard had a breakdown or loss in hauling, he had to pay for it, and if he made a profit he got that. Price had nothing to do with the loss or profit in hauling the lumber; he owned no interest in the truck, and did not employ or pay Robertson to drive it; he just paid Howard so much per thousand for hauling his part of the lumber. At that time Howard was hauling also lumber in which Price had no interest.

The controlling question is whether Howard and Price were engaged as partners in the transportation of the lumber and in the operation of the truck at the time it collided with the automobile driven by the plaintiff. The plaintiff contends that they were so engaged. The defendants contend that they were not, but that Howard was acting as an independent contractor, having contracted with Price to haul his part of the lumber at a fixed

price per thousand feet. While the evidence shows that these parties were joint owners of the lumber, each owning an undivided half interest therein, it also shows that Howard was the sole owner of the truck, and that he had made a contract with Price whereby he was to haul the lumber at a fixed price per thousand feet, and that Price had no interest in the profits and losses incident to the transportation of this lumber. Howard employed and paid Robertson by the day to drive the truck, and Price had nothing to do with the operation of the truck and paid none of the expenses connected therewith. He paid Howard a certain price per thousand for hauling his part of the lumber. "The employer generally is not responsible for torts committed by his employee when the latter exercises an independent business, and in it is not subject to the immediate direction and control of the employer." Code, § 105-501; *Lampton* v. *Cedartown Co.*, 6 *Ga. App.* 147 (64 S. E. 495); *Wooley* v. *Doby*, 19 *Ga.* App. 797 (92 S. E. 295). Under the evidence in this case, we are of the opinion that Howard was an independent contractor in the transportation of this particular lumber, and that Price can not be held liable for the alleged tort of Robertson, the driver of the truck, when the collision referred to occurred. He could no more be held liable in this instance than could Howard and Price be held liable for a tort committed by a third person employed by them at an agreed price per thousand to haul lumber with his truck, and with the operation and control of which they had nothing to do. The court properly granted a nonsuit as to the defendant Price.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*