36503. SCHULTE *et al. v.* PYLE.

DECIDED FEBRUARY 26, 1957.

230

*Alexander, Vann & Lilly,* for plaintiffs in error.
*Forester & Calhoun,* contra.

FELTON, C. J. ■ The evidence was undisputed that the defendants Trulock owned the bottling business and that the defendant Schulte was their agent in charge of its operation. Schulte's duties were that of executive and administrative head of the bottling company and he did the hiring and firing in connection therewith. The negligence of an under-servant in respect to the inspection of bottles and the soft drink was not attributable to the defendant Schulte. Code § 4-409. The only negligence of which the defendant Schulte could have been guilty under the circumstances would have been an original act of negligence in selecting or retaining an incompetent employee. See *Henderson* v. *Nolting First Mortgage Corp.,* 184 *Ga.* 724 (193 S. E. 347, 114 A. L. R. 1022). The evidence disclosed that the empty drink bottles were visually inspected under strong light

after their cleaning and before filling and were again visually inspected after filling. The defendant Schulte testified that he did not send his employees "off to school" for any training but that he trained his employees on the premises. There was nothing in the evidence which required a finding that the employees had to be especially trained at a school. The evidence did not authorize a finding that Schulte was negligent in the selection or the retention of an incompetent employee or employees. This ruling on the general grounds of Schulte's amended motion for new trial also covers the exceptions made in the special grounds of that motion.

It is not necessary to rule on the special demurrers filed by the defendant Schulte. Even if the allegations attacked by such special demurrers alleged a duty on the part of Schulte toward the plaintiff and a violation thereof by Schulte, the evidence failed to authorize a finding that Schulte was so negligent.

■ The evidence authorized a verdict against the defendants Trulock. *Atlanta Coca-Cola Bottling Co.* v. *Holbrook,* 40 *Ga. App.* 269 (149 S. E. 316) ; *Claxton Coca-Cola Bottling Co.* v. *Coleman,* 68 *Ga. App.* 302 (22 S. E. 2d 768). This is so even though the defendant's evidence might have shown that it employed modern methods and machinery in sterilizing the bottles and in bottling the drink. *Watkins* v. *Dalton Coca-Cola Bottling Co.,* 66 *Ga. App.* 848 (19 S. E. 2d 316).

The court erred in denying the amended motion for new trial as to the defendant Schulte. The court did not err in denying the amended motion as to the defendants Trulock.

*Judgment affirmed in part and reversed in part. Quillian and Nichols, JJ., concur.*