40388. GEORGIA ELECTRIC COMPANY v. SMITH.

DECIDED JANUARY 20, 1964.

852

*Smith, Gardner, Kelley & Wiggins, Fred E. Bartlett, Jr.,* for plaintiff in error.

*Frank F. Faulk, Jr.,* contra.

PANNELL, Judge. The plaintiff, Ed. Smith, brought an action against the defendant, Georgia Electric Company, seeking to recover damages to a truck owned by the plaintiff resulting from the falling of a chimney in the demolition of some buildings which buildings were being demolished by the plaintiff, as a general contractor. The fall of the chimney was alleged to have been occasioned by the negligence of the operator of a backhoe, a piece of heavy mobile equipment used to dig trenches and holes, which plaintiff had rented from defendant together with an operator at a rental of a certain sum per hour. The defendant filed general and special demurrers to the petition and plaintiff amended by dividing the petition into two counts.

■ The first count alleged a rental of the equipment with the operator, and, construing the allegations most strongly against the pleader, *Ed Smith & Sons, Inc. v. Mathis,* 217 Ga. 354 (122 SE2d 97), the various paragraphs alleged facts which conclusively show that the operator of the machine was under the control and direction of the plaintiff in the work he was to do, and did do, with the machine, and that the defendant therefore was not liable to the plaintiff under the doctrine of respondeat superior. See, in this connection, *Ed Smith & Sons, Inc. v. Mathis,* 217 Ga. 354, supra; *Greenberg & Bond Co. v. Yarbrough,* 26 Ga. App. 544 (106 SE 624); *Postal Telegraph-Cable Co. v. Tucker,* 33 Ga. App. 525 (126 SE 860). An amendment to this count of the petition alleging that "anything set forth in this petition with respect to plaintiff's undertaking generally to point out or direct the work to be done with said machine *shall be understood to show that plaintiff exercised no control* whatever over the time and manner of the work which was performed at his instance and general direction with said machine by the servant and operator of the defendant"; and, that "plaintiff hereby expressly amends each and every paragraph in his petition relating to the direction or control of the work done by the defendant's operator so that the same will conform to this allegation that the plaintiff exercised no authority, direction or

control over the time and manner of said work, irrespective of whether the defendant was an independent contractor or an agent engaged in the excavation work of the plaintiff's project," was filed. This amendment was not effective as striking the particular factual allegations of the first count to the contrary.

However, there are allegations in the first count of the petition that the defendant agreed to furnish a skilled operator of the equipment, and the failure to do so was alleged as a ground of negligence on the part of the defendant.

"Mere breach of a contract cannot be converted into a tort by showing that failure to perform upon the part of the one committing the breach had resulted in [damage] . . . to the other party to the contract.

"The Civil Code, § 3807, provides that 'A tort is a legal wrong committed upon the person or property independent of contract. It may be either—1. A direct invasion of some legal right of the individual. 2. The infraction of some public duty by which special damage accrues to the individual. 3. The violation of some private obligation by which like damage accrues to the individual. In the former case, no special damage is necessary to entitle the party to recover. In the two latter cases such damage is necessary.' Section 3810, contained in the chapter on torts, provides that 'Private duties may arise either from statute, or flow from relations created by contract express or implied. The violation of any such specific duty, accompanied with damage, gives a right of action.' And in *L. & N. Railroad Co. v. Spinks,* 104 Ga. 692, 30 SE 968, it was decided that, 'In arriving at a correct understanding of the meaning of section 3807, the words "independent of contract" must be understood as applying to each one of the three subdivisions embraced in that section. Accordingly, the third subdivision means the same as if it read, "the violation of some private obligation, *independent of contract,* by which like damage accrues to the individual"; and section 3810, in so far as it refers to private duties flowing from "relations created by contract, express or implied," means the same thing.

" 'Every person who makes a contract of any kind is, of course, under a duty of performing it; but it would never do to

hold that every breach of a civil contract, though necessarily in a sense involving a breach of the duty thereby imposed, would give rise to an action ex delicto.'" *Milledgeville Water Co. v. Fowler*, 129 Ga. 111, 112-113 (58 SE 643). See *Code* §§ 105-101, 105-104; *Atlanta Gas Light Co. v. Newman*, 88 Ga. App. 252 (76 SE2d 536); *Washburn Storage Co. v. Elliott*, 93 Ga. App. 456 (92 SE2d 28); *Rhine v. Sanders*, 100 Ga. App. 68 (110 SE2d 128); *Georgia Kaolin Co. v. Walker*, 54 Ga. App. 742 (189 SE 88).

Negligence as a matter of law exists only by statute. *Barrett v. Mayor &c. of Savannah*, 13 Ga. App. 86 (2) (78 SE 827). A charge of negligence carries with it an imputation of knowledge or foresight in the breach of duty charged as distinguished from a mere breach of contract. *Howard v. Jacobs' Pharmacy Co.*, 55 Ga. App. 163 (189 SE 373). Negligence is a failure to perform a duty of diligence toward one entitled thereto, or to use that degree of care which is due another, under the circumstances by the party charged. *Harden v. Georgia R. Co.*, 3 Ga. App. 344 (59 SE 1122); *Powell v. Berry*, 145 Ga. 696 (89 SE 753, LRA 1917A 306); *Harvey v. Bartow County*, 31 Ga. App. 84 (2) (119 SE 538). It follows that a failure to allege facts showing that the defendant knew the operator furnished was unskilled, or in the exercise of ordinary care should have discovered that said operator was unskilled, is a failure to allege necessary requirements to show *negligence* arising out of the failure of the defendant to furnish a skilled operator. *Pope v. Seaboard Air Line R. Co.*, 88 Ga. App. 557 (77 SE2d 55); *Schulte v. Pyle*, 95 Ga. App. 229 (97 SE2d 558); *Marques v. Ross*, 105 Ga. App. 133, 139 (123 SE2d 412); *Henderson v. Nolting First Mortgage Corp.*, 184 Ga. 724 (193 SE 347, 114 ALR 1022). The first count of the petition failed to set forth a cause of action and the trial court erred in overruling the general demurrer to the same.

■ The second headnote requires no elaboration.

*Judgment affirmed in part; reversed in part. Bell, P. J., and Hall, J., concur.*