41993. HARTFORD ACCIDENT & INDEMNITY COMPANY et al. v. PARSLEY.

EBERHARDT, Judge. 1. There is no coverage under the provisions of the Workmen's Compensation Act unless there is a relation of employer and employee. *Parker v. Travelers Ins. Co.*, 174 Ga. 525 (163 SE 159). "In determining whether or not the relationship of master and servant prevails in a compensation case, the same principles that exist under the common law obtain." *Travelers Ins. Co. v. Clark*, 58 Ga. App. 115, 121 (197 SE 650). Where there is a relationship of independent contractor and contractee no coverage is afforded. *Richards v. Marco Realty Co.*, 57 Ga. App. 242 (194 SE 880).
2. The facts in this case are strikingly similar to those in *National Trailer Convoy, Inc. v. Undercofler*, 109 Ga. App. 703, 709 (2) (137 SE2d 328), where it was held that "the status of these individuals, when viewed in the light of common law principles, was clearly that of independent contractor, and not that of employee." And see *Poss Bros. Lumber Co. v. Haynie*, 37 Ga. App. 60 (139 SE 127); *Cooper v. Dixie Constr. Co.*, 45 Ga. App. 420 (165 SE 152); *Durham Land Co. v. Kilgore*, 56 Ga. App. 785 (194 SE 49); *Lokey & Simpson v. Hightower*, 57 Ga. App. 577 (196 SE 210); *Malcom v. Sudderth*, 98 Ga. App. 674, 686 (106 SE2d 367). We find no application of any erroneous legal theory in the award of the board denying compensation, and the judgment of the superior court reversing the award, which is amply supported by evidence must be

Reversed. *Bell, P. J., and Jordan, J., concur.*

SUBMITTED MAY 4, 1966—DECIDED MAY 26, 1966—
REHEARING DENIED JUNE 14, 1966.

*Woodruff, Savell, Lane & Williams, John M. Williams,* for appellants.

*Telford, Wayne & Greer, Dent Bostick, Robinson, Thompson, Buice & Harben, Sam S. Harben,* for appellee.