42415. HARVEY v. C. W. MATTHEWS CONTRACTING COMPANY, INC. et al.

JORDAN, Judge. Mrs. Eleanor B. Harvey brought this action in the City Court of Hall County against C. W. Matthews Contracting Company, Inc., W. Earl Abercrombie, and Kermit D. Totherow, seeking recovery for the alleged wrongful death of her father as the result of a collision on August 29, 1963, between the passenger automobile which he was driving and a dump truck owned by defendant Abercrombie and operated by defendant Totherow, being used at the time to transport road construction materials for defendant contracting company. Plaintiff alleged that Totherow was operating the dump truck as a joint agent and employee of the contracting company and Abercrombie. She appeals to this court from a judgment of the trial court sustaining the motion of the contracting company for summary judgment. *Held:*

1. Affidavits on motion for summary judgment are no place for opinions, ultimate facts, and conclusions of law, and should be restricted to admissible evidentiary facts, but the trial judge may consider such affidavits, and he is bound by the uncontradicted evidentiary matter in such affidavits, irrespective of the opinions, ultimate facts, and conclusion of law stated therein. *Code Ann.* § 110-1205; *Planters Rural Tel. Co-op. v. Chance,* 108 Ga. App. 146, 147 (132 SE2d 90); *Varnadoe v. State Farm Mut. Auto. Ins. Co.,* 112 Ga. App. 366 (1) (145 SE2d 104); *Benefield v. Malone,* 112 Ga. App. 408, 411 (145 SE2d 732).

2. The contract between the State Highway Department and

the defendant contracting company provided that the contractor could not sublet, asssign, transfer, convey, sell, or otherwise dispose of any part of the contract without the consent of the Highway Department. The fact that the contractor did not report and obtain the consent of the department in respect to its agreement with the owner of the truck for hauling construction materials, and the fact that the contractor and the department did not consider the agreement as one requiring the consent of the department, will not give rise to any inferences from which a jury could conclude that the driver of the truck, while operating the truck to haul construction materials, was an agent or employee of the defendant contracting company.

3. Under the agreement as disclosed by the uncontradicted evidence on motion for summary judgment, defendant Abercrombie furnished the truck with defendant Totherow as driver to defendant contracting company, for hauling road construction materials from a plant site to a road construction site at the rate of 4 cents per ton-mile, with payment to Abercrombie, who contracted separately with Totherow for his services as the driver of the truck. The contracting company had to accept the truck with Totherow as driver, or dispense with the services of both. It could not discharge Totherow and substitute another driver, and it had no right and did not attempt to control Totherow in the mechanical operation of the truck. Its control of Totherow was limited to direction as to where to load and unload the materials at such times as the plant was in operation and materials were required at the construction site. Under these circumstances the evidence demanded a determination that Totherow was not an agent or employee of defendant contracting company and there was no genuine issue of material fact for submission to the jury whereby liability could be imposed on the contracting company for the alleged negligent acts of Totherow. Accordingly, the trial judge did not err in sustaining a motion for judgment for summary judgment in favor of the contracting company. See *Albert v. Hudson,* 49 Ga. App. 636 (1) (176 SE 659); *Brett v. Thiele Kaolin Co.,* 86 Ga. App. 506 (1) (71 SE2d 687); *National Trailer Convoy v. Undercofler,* 109 Ga. App. 703 (137 SE2d 328); Harrison v. Greyvan Lines, 331 U. S. 704 (67 SC 1463,

91 LE 1757) ; and War Emergency Co-op Assn. v. Widenhouse, 169 F2d 403.

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*

ARGUED NOVEMBER 9, 1966—DECIDED DECEMBER 5, 1966—REHEARING DENIED DECEMBER 20, 1966—

*Stewart, Sartain & Carey, Jack Carey, O'Kelly, Hopkins, & Van Gerpen, E. J. Van Gerpen,* for appellant.

*Robert E. Andrews, R. Wilson Smith, Jr., John H. Smith,* for appellees.