44646, 44647.   COOPER v. PLOTT (two cases).

HALL, Judge. Defendant in two automobile negligence cases appeals from orders granting the plaintiffs' motions for summary judgment on the issue of whether the driver of defendant's truck was an employee of the defendant acting within the scope of his employment and from orders denying his motions for summary judgment. The issues are identical in both cases. The undisputed evidence shows that at the time of the collision the truck was owned by the defendant; that the driver of the truck was employed by the defendant and was performing services for him (picking up and delivering gravel). Defendant contends that there is a genuine issue of fact under the "borrowed servant" doctrine. He shows in his affidavit that on the day of the collision he furnished the driver and truck to a third party who had the right of control as to the manner in which the work was to be performed. He also shows that at the actual moment of the collision the driver was being directed by a flagman of the third party to back up the truck.

1. Under *Code Ann.* § 81A-156, the trial court has the power to grant a partial summary judgment and the order can be appealed. *Cohen v. Garland,* 119 Ga. App. 333 (167 SE2d

599); *Whisenhunt v. Allen Parker Co.*, 119 Ga. App. 813 (168 SE2d 827).

2. "The law as to lent employees is well settled, the test being (1) that the special master must have complete control and direction of the servant for the occasion; (2) that the general master must have no such control; (3) that the special master must have the exclusive right to discharge the servant, to put another in his place or to put him to other work." *Fulghum Industries v. Pollard Lumber Co.*, 106 Ga. App. 49, 52 (126 SE2d 432). The evidence here demanded a finding that at the time of the collision the driver of the truck was an employee of the defendant acting within the scope of his employment. The mere fact that the defendant had lent the truck and driver to a third party who gave directions as to the movement of the truck, including directions at the actual moment of collision, will not authorize a finding that the driver was under the complete and exclusive control of the third party. *Harvey v. C. W. Matthews Constr. Co.*, 114 Ga. App. 866 (3) (152 SE2d 809).

Defendant cites the recent case of *Merry Bros. Brick &c. Co. v. Jackson,* 120 Ga. App. 716 (171 SE2d 924), for the proposition that one may be the servant of two masters and subject to the demands of both. This is correct, but of no assistance to defendant here. We have not held that defendant was the exclusive master. We have held that the evidence does not authorize a finding that the *third party* to whom the truck was furnished (and who is not a party to this suit) was the *exclusive master.*

The trial court did not err in its grant of a partial summary judgment to each plaintiff nor in its denial of the defendant's motions for summary judgment.

*Judgments affirmed. Jordan, P. J., and Whitman, J., concur.*

ARGUED SEPTEMBER 8, 1969—DECIDED FEBRUARY 4, 1970—REHEARING DENIED MARCH 27, 1970—

*Long, Weinberg & Ansley, Ben L. Weinberg, Jr., J. Kenneth Moorman,* for appellant.

*Dunaway, Shelfer, Haas & Newberry, Hugh F. Newberry, George A. Haas,* for appellees.