### 25888. COOPER v. PLOTT et al.

UNDERCOFLER, Justice. This certiorari was granted to review two motor vehicle negligence cases. The issues are identical in both actions. The trial court granted partial summary judgments in favor of the plaintiffs decreeing that the alleged negligent driver was an employee of the defendant acting within the scope of his employment at the time of the collision. The trial court denied the defendant's motion for summary judgment which prayed that the driver be decreed a "borrowed servant" on this occasion. The Court of Appeals affirmed these judgments. See *Cooper v. Plott*, 121 Ga. App. 488 (174 SE2d 446).

The Court of Appeals held: "The law as to lent employees is well settled, the test being (1) that the special master must have complete control and direction of the servant for the occasion; (2) that the general master must have no such control; (3) that the special master must have the exclusive right to discharge the servant, to put another in his place or to put him to other work." *Ed Smith & Sons v. Mathis*, 217 Ga. 354 (122 SE2d 97) does not hold otherwise. The decision in that case was predicated upon the allegations of the petition.

The question here is whether there is an issue of fact under the "borrowed servant" doctrine.

The defendant stated that the driver was an employee of his, working for him driving his truck, at the time of the collision. However, he further stated that the driver was not within the scope of his employment. He averred that on this occasion he had no right to direct and control the driver but such right had been given to a third party who was then exercising it.

We find no conclusive evidence in the record that the third party did not have the exclusive right to discharge the driver, to put another in his place or to put him to other work. We agree that the lack of evidence on this point warrants a denial of the defendant's motions for summary judgment under the "borrowed servant" rule. At the same time, the absence of evidence on this material issue prevents the grant of the plaintiffs' motions for summary judgment.

The failure of one party to prevail upon a motion for summary judgment does not authorize the grant of a summary judgment in favor of the opposite party. The burden of proof remains on the moving party to show that there is no genuine issue as to any material fact. "Where the evidence on a motion for summary judgment is ambiguous or doubtful, the party opposing the motion must be given the benefit of all reasonable doubts and all favorable inferences and such evidence construed most favorably to the party opposing the motion." *Word v. Henderson*, 220 Ga. 846, 848 (122 SE2d 244). The court erred in granting the partial summary judgments in favor of the plaintiffs.

*Judgments reversed in part; affirmed in part. All the Justices concur.*

ARGUED JULY 13, 1970—DECIDED SEPTEMBER 10, 1970.

*Long, Weinberg, Ansley & Wheeler, Ben L. Weinberg, Jr., J. Kenneth Moorman,* for appellant.

*George A. Haas,* for appellees.