46970.  MITCHELL v. BURDEN BROTHERS, INC.

ARGUED MARCH 6, 1972—DECIDED APRIL 13, 1972.

*Neely, Freeman & Hawkins, Andrew J. Hamilton,* for appellant.

*Hurt, Hill & Richardson, James C. Hill, W. Seaborn Jones,* for appellee.

EBERHARDT, Judge. ■ We reverse. "If the bailor sends his own agents with the thing bailed, as a driver for his horse, then the hirer is bound, either to the bailor or to third persons, only for the consequences of his own directions and for gross neglect." *Code* § 12-203. "It is generally held that, where an owner of a motor vehicle hires it, together with the driver, to another, the latter having no supervision or control of the servant's mechanical operation thereof, and no right to discharge the driver and take over the operation of the vehicle himself or put it in the hands of another to operate, the owner of the vehicle who employs the driver, rather than the hirer, is responsible for the driver's negligence." *Ellison v. Evans,* 85 Ga. App. 292, 296 (69 SE2d 94). Accord: *Atlanta Coach Co. v. Curtis,* 42 Ga. App. 639 (1) (157 SE 344); *Spaulding Oil Mill v. Mayes,* 48 Ga. App.

613 (172 SE 734); *Albert v. Hudson,* 49 Ga. App. 636 (1) (176 SE 659); *Brown v. Georgia Kaolin Co.,* 60 Ga. App. 347 (1) (4 SE2d 100); *Brett v. Thiele Kaolin Co.,* 86 Ga. App. 506 (1) (71 SE2d 687); *Harvey v. C. W. Matthews Contr. Co.,* 114 Ga. App. 866 (3) (152 SE2d 809); *Cooper v. Plott,* 121 Ga. App. 488 (174 SE2d 446) and 226 Ga. 647 (177 SE2d 82). See also *Bibb Mfg. Co. v. Martin,* 53 Ga. App. 137 (185 SE 137); *Wallace v. Price,* 55 Ga. App. 783 (190 SE 273); *National Trailer Convoy, Inc. v. Undercofler,* 109 Ga. App. 703, 709 (137 SE2d 328); *Hartford Acc. &c. Co. v. Parsley,* 113 Ga. App. 830 (149 SE2d 848). "Where the owner of an automobile truck hires it, together with his servant who operates it, to another person, to be paid for at so much an hour, for use in the hauling of gravel for the latter, notwithstanding the work is performed under the direction and supervision of the person to whom the truck and the servant are hired and this person directs the servant as to what gravel to haul, where to haul it, and when to haul it, and this is the only supervision and control he exercises over the truck and the servant, and he has no supervision, direction, or control over the servant's mechanical operation of the truck, and has no right to discharge the servant or to put another one in his place in the operation of the truck, although he may have a right to discharge the unit consisting of the truck and the servant by discontinuing their service, the servant, in the operation of the truck, is the servant of the owner and not of the other person." *Albert v. Hudson,* 49 Ga. App. 636 (1), supra. "The mere fact that the defendant had lent the truck and driver to a third party who gave directions as to the movement of the truck, including directions at the actual moment of collision, will not authorize a finding that the driver was under the complete and exclusive control of the third party. *Harvey v. C. W. Matthews Constr. Co.,* 114 Ga. App. 866 (3) (152 SE2d 809)." *Cooper v. Plott,* 121 Ga. App. 488 (2), supra, reversed in part on other grounds 226 Ga. 647, supra.

While particular factual situations may indicate that the third person to whom the motor vehicle or other machine

was rented or furnished became the exclusive master of the servant provided with the machine so that the general master cannot be held liable for the servant's negligence (see *Brown v. Smith & Kelly Co.,* 86 Ga. 274 (12 SE 411, 22 ASR 456); *Ed Smith & Sons v. Mathis,* 217 Ga. 354 (2) (122 SE2d 97); *Greenberg & Bond Co. v. Yarbrough,* 26 Ga. App. 544 (106 SE 624); *Postal Telegraph-Cable Co. v. Tucker,* 33 Ga. App. 525 (126 SE 860); *U. S. Fidel. &c. Co. v. Stapleton,* 37 Ga. App. 707 (1) (141 SE 506); *Bowman v. Fuller,* 84 Ga. App. 421 (3) (66 SE2d 249); *Ga. Electric Co. v. Smith,* 108 Ga. App. 851, 852 (134 SE2d 840); Annot., Liability under Respondeat Superior Doctrine for acts of operator furnished with leased machine or motor vehicle, 17 ALR2d 1388), Burden Brothers has not met that burden here on its motion for summary judgment under the inconclusive state of the record. *Harvey v. C. W. Matthews Contr. Co.,* 114 Ga. App. 866 (3), supra; *Cooper v. Plott,* 121 Ga. App. 488 (2), supra; s. c., 226 Ga. 647, supra.

■ Headnote 2 requires no elaboration.

*Judgment reversed. Bell, C. J., concurs. Evans, J., concurs in the judgment.*