### 47823. BLACK v. MONTGOMERY TRUCKING COMPANY, INC.

HALL, Presiding Judge. The plaintiff appeals from the grant of summary judgment to the defendant carrier in a borrowed servant case. The plaintiff was injured when his car was struck in the rear by a Mack Truck owned by one Zschiedrich, a Florida resident, and driven by Wilson. The true identity of the defendant is confusing. The plaintiff alleges that the truck was at the time being operated under the direction and control of "Montgomery Trucking Co., Inc." which is doing business and has a local agent for service in this state. The defendant designated itself as "Montgomery Trucking Co. of Ga., Inc. sued as Montgomery Trucking Co., Inc." However, it based its right to summary judgment on an equipment lease contract between Zschiedrich and "Montgomery Brothers Trucking Co., of Live Oak, Florida." We shall refer to these entities as Montgomery Trucking.

The lease shows it to be a common carrier with licenses from the Interstate Commerce Commission, Georgia Public Service Commission and Florida Public Utilities Commission, and it is referred to throughout as the Carrier. Zschiedrich is referred to generally as the Contractor. The lease contract, which had been in effect some 20 months prior to the collision, is written so as to make clear that the driver furnished to Montgomery Trucking is the employee of the Contractor, who is to pay his salary and workman's compensation. (An affidavit by a Montgomery employee states that Zschiedrich also took care of withholding and social security; that Montgomery actually paid the driver but was reimbursed by the Contractor). Zschiedrich also paid license fees, union dues, fuel, repairs, equipment insurance and damages to the carrier caused by the driver, etc. He further covenanted to carry insurance to save Montgomery harmless from "any loss or damage to any person or property by reason of

any accident during the term of this lease"; that the equipment would remain under his complete direction and control; that his driver would comply with ICC regulations and the operating policy of Montgomery; and that in default Montgomery might request driver replacement or refuse to load the truck. Payments were made on the basis of loads hauled. At the time of the collision the truck and driver were engaged in fulfilling a contract of Montgomery's to haul dirt for the construction of an interstate highway in Georgia.

1. The construction of evidence on motion for summary judgment is against the movant and the judgment should not be granted if controverted issues of fact remain in the case. *Burnette Ford, Inc. v. Hayes,* 227 Ga. 551 (181 SE2d 866); *Werbin & Tenenbaum, Inc. v. Heard,* 121 Ga. App. 147 (1) (173 SE2d 114).

2. The first area of confusion under the facts so far adduced in this case is the identity of the defendant and its relation to the entity which executed the lease of the truck and driver. The lease on its face demands a conclusion that as between the parties to the contract, the driver is the employee of the contractor-owner, which agreed to "carry insurance . . . so as to save the carrier harmless" etc. The borrowed servant cases cited by the appellee would be irrelevant in view of the clear terms of the written contract, if the contract actually controls. (See Division 3).

However, when one carrying on an activity which can only lawfully be carried on by a franchise, license or permit and which involves unreasonable risk of harm to others, the general rule is to make the carrier responsible along with the contractor for injury resulting from the negligence of the driver of a leased vehicle where the act is committed in the course of the work being done under the permit. See Restatement, Torts, Negligence, § 428; Gallagher's Estate v. Battle (Md.), 122 A2d 93 (1, 11); Kaplan Trucking Co. v. Lavine, 253 F2d 254 (3, 4) and cit. The facts developed on the trial of this case may well authorize joint liability of the carrier and contractor under considerations of general law and public policy.

3. If, however, it develops that the defendant is an entity other than the carrier designated in the lease, then its provisions relative to the master-servant relation may be disregarded and the court may look only to the facts of the case as set forth in the affidavits. In this regard the owner deposes: "Montgomery Trucking Co., Inc. had complete control over the truck and driver at the time of the accident. I gave absolutely no directions for the truck

38

involved being sent to Atlanta. This was done by the above trucking company . . . and that company definitely paid for my truck and driver, as well as giving specific instructions and directions to do whatever work that trucking company had to do. [It] specifically controlled the time, manner and method by which the driver of my leased truck performed his work for said trucking company . . . [It] had and exercised control over the driver of my leased truck, Mr. Douglas Wilson, and the truck involved. I did not know the details of the work that the above trucking company wanted to do and I certainly did not have the right to exercise any direction or control over men and equipment used in that company's operation."

This affidavit presents issues of fact which must be resolved upon the trial of the case. For the guidelines on this issue see: *Greenberg & Bond Co. v. Yarbrough,* 26 Ga. App. 544 (106 SE 624); *Ed Smith & Sons, Inc. v. Mathis,* 217 Ga. 354 (2) (122 SE2d 97); *Adams v. Johnson,* 88 Ga. App. 94 (76 SE2d 135); *Ga. Elec. Co. v. Smith,* 108 Ga. App. 851 (134 SE2d 840); *Hotel Storage, Inc. v. Fesler,* 120 Ga. App. 672 (172 SE2d 174, 41 ALR 3d 1049); *Merry Bros. Brick & Tile Co. v. Jackson,* 120 Ga. App. 716 (171 SE2d 924); *Bibb Mfg. Co. v. Souther,* 52 Ga. App. 722 (184 SE 421).

The carrier relies primarily upon the holdings in *Mitchell v. Burden Bros., Inc.,* 126 Ga. App. 75 (189 SE2d 909); *Albert v. Hudson,* 49 Ga. App. 636 (176 SE 659) and *Brett v. Thiele Kaolin Co.,* 86 Ga. App. 506 (71 SE2d 687) to support its position of nonliability. In *Mitchell,* a grant of summary judgment to the owner-contractor was reversed, but the court, citing numerous cases, did point out that particular factual situations may indicate that the third person to whom the motor vehicle or other machine was rented did become the exclusive master of the servant provided with the machine. The two remaining cases may or may not become apposite when this case is tried; they deal with short term single-operation situations where the owner does in fact have some collateral interest in the end to be achieved. Nor have we neglected Code § 12-203, the rule in bailments when the bailor sends his own agent with the thing bailed. Whether this statute applies can only be determined upon trial, depending upon the results of the necessarily prior findings outlined above.

The defendant lessee here, a common carrier, has not carried the burden of showing that its long term lease of equipment for its own hauling purposes, although accompanied by a driver supplied by the owner, clearly frees it from any responsibility for

the negligence of the driver while engaged in the lessee's business.

The trial court erred in granting the motion for summary judgment.

*Judgment reversed. Clark, J., concurs. Evans, J., concurs in the judgment.*

SUBMITTED JANUARY 8, 1973—DECIDED APRIL 11, 1973—REHEARING DENIED MAY 3, 1973—

*Mose S. Hayes, Ronald L. Davis,* for appellant.

*Powell, Goldstein, Frazer & Murphy, Edward E. Dorsey, Stuart E. Eizenstat,* for appellee.