## 28093. MONTGOMERY TRUCKING COMPANY, INC. v. BLACK.

ARGUED SEPTEMBER 12, 1973 — DECIDED OCTOBER 5, 1973.

*Powell, Goldstein, Frazer & Murphy, Stuart E. Eizenstat, Edward E. Dorsey,* for appellant.

*Ronald L. Davis,* for appellee.

GRICE, Presiding Justice. We granted certiorari in this case (*Black v. Montgomery Trucking Co.,* 129 Ga. App. 36 (198 SE2d 378)) in order to review the application by the Court of Appeals of the rule in bailments set forth in Code § 12-203 in conjunction with the "borrowed servant" doctrine.

The facts here show that Lawrence Joe Black filed a complaint in the Superior Court of Clayton County against Montgomery Trucking Company alleging that he had sustained certain personal injuries as the result of a rear end collision between his pick-up truck and a 1966 Mack truck operated by an unnamed driver of the trucking company.

The trucking company in its answer denied having any direction or control over the 1966 Mack truck or driver so as to impose liability under the doctrine of respondeat superior.

It filed a motion for summary judgment contending that there were no genuine issues of material fact and that it was entitled to judgment as a matter of law. For support it submitted a copy of an equipment lease contract and affidavits of Walter Patton, an officer of the trucking company.

This contract was executed on March 28, 1967, between Rudolph Zschiedrich, as contractor, and Montgomery Trucking Company, as carrier, signed by Walter Patton. Zschiedrich, the contractor, agreed to furnish a 1966 Mack tractor truck and driver to Montgomery Trucking Company. Paragraph VI recited that

"Contractor understands and agrees that the equipment that is the subject of this lease, as set forth above during the term of the lease, is under the complete control and direction of contractor, and not the carrier."

Patton's affidavits stated in essential part that the trucking company paid for the leased truck by the tonnage of material carried by it; that Zschiedrich's employee, the driver, was paid either directly or indirectly by reimbursement by Zschiedrich; that under the lease contract the trucking company had no power to hire or fire the driver and put another in his place; that the trucking company maintained no control over the time, manner and method by which the driver performed his work, nor did it control his mechanical operation of the truck, the driver being responsible to the trucking company merely for a result; and that the trucking company leased some ten other independent trucks and drivers for a job on the Interstate 285 perimeter around Atlanta, Georgia, in addition to the truck and driver involved here which was leased for the same job.

The plaintiff Black filed an affidavit of Zschiedrich in which Zschiedrich denied giving directions to or having control over the driver of the leased truck. He further swore that the trucking company "had complete control over the truck and driver at the time of the accident"; that he did not know the details of the work that the trucking company wanted to do; and that he "simply leased the truck and driver to said trucking company for whatever use they so desired and directed *consistent with our lease agreement.*" (Emphasis supplied.)

After considering the evidence the trial court granted the motion for summary judgment in favor of the trucking company.

Upon appeal to the Court of Appeals, that court reversed. *Black v. Montgomery Trucking Co.,* 129 Ga. App. 36, supra. In so doing the opinion states (p. 38): "Nor have we neglected Code § 12-203, the rule in bailments when the bailor sends his own agent with the thing bailed. Whether this statute applies can only be determined upon trial, depending upon the results of the necessarily prior findings outlined above. The defendant lessee here, a common carrier, has not carried the burden of showing that its long term lease of equipment for its own hauling purposes, although accompanied by a driver supplied by the owner, clearly frees it from any responsibility for the negligence of the driver while engaged in the lessee's business."

However, as we read the language of Code § 12-203 it operates

to relieve the trucking company of any liability as a matter of law. It provides as follows: "The engagement of the hirer of things are, to put the thing to no other use than that for which it is hired; to take ordinary care in its use; to redeliver at the expiration of the bailment; and to comply generally with the terms of the hiring. *If the bailor sends his own agents with the thing bailed, as a driver for his horse, then the hirer is bound, either to the bailor or to third persons, only for the consequences of his own directions and for gross neglect.*" (Emphasis supplied.)

Under the facts here presented, this case is clearly controlled by Code § 12-203, the principles enunciated in *Mitchell v. Burden Bros.*, 126 Ga. App. 75 (1) (189 SE2d 909) and the line of decisions followed therein.

The general rule as stated in those decisions is that "where an owner of a motor vehicle hires it, together with the driver, to another, the latter having no supervision or control of the servant's mechanical operation thereof, and no right to discharge the driver and take over the operation of the vehicle himself or put it in the hands of another to operate, the owner of the vehicle who employs the driver, rather than the hirer, is responsible for the driver's negligence." *Ellison v. Evans,* 85 Ga. App. 292, 296 (69 SE2d 94).

Here it was undisputed that the driver was sent to the hirer, the trucking company, by the bailor, Zschiedrich. It was not alleged, and there is nothing in the record to show, that the collision occurred as a result of any directions given the driver by the trucking company, or of any gross neglect.

The Court of Appeals apparently based its decision reversing the grant of summary judgment upon questions of fact which it found to have been raised by the lessor Zschiedrich's affidavit in regard to direction and control over the driver.

In our view, this was erroneous.

The amount of control exercised by Zschiedrich over his driver is not in issue here. The suit was brought solely against the hirer and the test of liability against it is found in Code § 12-203. Moreover, the contract between the parties is controlling as to their responsibilities thereunder. It provides that the leased equipment is under "the complete control and direction" of Zschiedrich and not the trucking company.

Nor do we find any questions of fact, as did the Court of Appeals, in regard to the corporate identity of the trucking company. Neither of the parties to the suit raised any question as to whether or not the applicant in certiorari and the party with whom the

lease was signed were the same or successor parties. Indeed, if the plaintiff Black had sued the wrong party, this would have been an additional reason to grant summary judgment in favor of the trucking company.

In our view, it is not necessary to discuss any other issues raised.

For the foregoing reasons the Court of Appeals erroneously reversed the judgment of the trial court granting the trucking company's motion for summary judgment.

*Judgment reversed. All the Justices concur.*