## 52476. FLOWERS v. U. S. S. AGRI-CHEMICALS et al.

CLARK, Judge.

In this wrongful death action, plaintiff, mother of the deceased, asserts that Johnny Ralph Royal, driver of the offending vehicle, is either the employee or borrowed servant of co-defendant U. S. S. Agri-Chemicals Division of United States Steel Corporation. The fatal collision occurred after Royal, driving a truck owned by co-defendant Norman W. Peacock, had delivered a load of fertilizer to a customer of U. S. S. Agri-Chemicals and was on his way back to the latter's plant. After extensive discovery, U. S. S. Agri-Chemicals moved for summary judgment. Its contention was that it exercised no control over either Royal or Peacock, and that Royal was an employee of Peacock, an independent contractor. The trial court granted the motion and plaintiff appeals.

The essential facts delineating the relationship between the defendants are not disputed. Pursuant to an oral contract with U. S. S. Agri-Chemicals, Peacock was a hauler of the company's products to its customers during its busy season. He was remunerated by the company on a trip-by-trip basis according to the tonnage hauled and distance traveled. Peacock supplied his own truck, and on almost all occasions, Royal as a driver. Peacock was only one of many such contract haulers. Loads were never guaranteed but were given on a first come—first served basis. U. S. S. Agri-Chemicals' instructions to Royal consisted of telling him what product the load consisted of, the amount of the product, and its destination. The company did not control the manner of Royal's driving, the routes he would use, or when delivery would be made. If his truck was loaded too late in the day to effect a delivery before the customer's closing time, Royal, at his option, either left it at the plant or took it home overnight for delivery the next day. Royal was not required to return to the plant after making a delivery. Neither Royal nor Peacock was involved in the billing of the company's customers.

Peacock billed the company on an average of once a week for the loads delivered. U. S. S. Agri-Chemicals paid

Peacock directly, never Royal, and did not withhold any income taxes from these payments. Neither Peacock's truck nor Peacock or Royal individually were covered under any of the company's insurance policies. Peacock supplied and paid for his own liability and cargo insurance. He also paid for the gas and oil for his truck. Peacock paid Royal for his services, and he alone had the right to replace or discharge Royal. *Held:*

1. It is clear that neither Peacock nor Royal was under the control or direction of U. S. S. Agri-Chemicals in the performance of their work, and that Royal was an employee of Peacock, an independent contractor. This case, on its own facts, is controlled by *Farmers Mut. Exchange v. Sisk,* 131 Ga. App. 206 (205 SE2d 438) and citations therein. Here, as in *Sisk,* U. S. S. Agri-Chemicals "did not have, nor did it assume, the right to control the time, manner and method of executing the work, as distinguished from the right merely to require certain results in conforming to the contract." *Farmers Mut. Exchange v. Sisk,* supra, p. 208. See *Harvey v. C. W. Matthews Contracting Co.,* 114 Ga. App. 866 (3) (152 SE2d 809).

2. These same facts also negate recovery under the borrowed servant doctrine. See *Helms v. Young,* 130 Ga. App. 344, 350 (2) (203 SE2d 253). The test used to determine if one is a borrowed servant of another is comprised of three elements: (1) the special master must have complete control and direction of the servant for the occasion; (2) the general master must have no such control; (3) the special master must have the exclusive right to discharge the servant, put another in his place, or put him to other work. *Helms,* supra; *Fulghum Industries v. Pollard Lumber Co.,* 106 Ga. App. 49, 52 (126 SE2d 432).

The facts adduced by the parties to this appeal show that U. S. S. Agri-Chemicals did not have complete control over and direction of Royal. He alone decided when he would work, the day and time he would make deliveries, what routes he would use, what stops, if any, he would make, and how he would mechanically operate the vehicle. The company gave Royal only those directions made as to its proper interest in the *results* to be obtained

by Royal and Peacock. See *Farmers Mut. Exchange v. Sisk,* supra. Additionally, Peacock retained some control over Royal in that Royal gave him signed invoices after delivery and looked to him for money for gas, oil, repairs and wages. It was Peacock rather than the company who instructed Royal to unload a delivery if a customer needed assistance. Parts one and two of the test, therefore, cannot be met.

Finally, the facts negate a meeting of part three of the test in that Peacock alone had the right to replace or discharge Royal, and the company had no right, actual or implied, to put Royal to other work. In *Brett v. Thiele Kaolin Co.,* 86 Ga. App. 506 (1) (71 SE2d 687), quoted in *Helms v. Young,* 130 Ga. App. 344, 351 (203 SE2d 253), this court said that " '. . . [N]otwithstanding the work was performed under the supervision of an employee of the corporation, who directed the driver of the truck what soil to haul, where to haul it, and when to haul it, and this was the only supervision or control exercised by the corporation over the driver and the truck, and the corporation had no supervision, direction, or control over the driver's mechanical operation of the truck, and had no right to discharge the driver or replace him or the truck, *although the corporation may have had the right to discharge the unit consisting of the driver and the truck by terminating the contract with the owner, the driver of the truck was an employee of the owner of the truck and not of the corporation.'* " (Emphasis supplied.) See also *Albert v. Hudson,* 49 Ga. App. 636 (1) (176 SE 659).

This position is further buttressed by the Supreme Court's decision in *Montgomery Trucking Co. v. Black,* 231 Ga. 211 (200 SE2d 882), wherein it was ruled that the facts warranted the grant of a summary judgment to the hirer as a matter of law, reversing our court's contra decision (129 Ga. App. 36 (198 SE2d 378)). Quoting from *Ellison v. Evans,* 85 Ga. App. 292, 296 (69 SE2d 94), the court stated the general rule to be that "where an owner of a motor vehicle hires it, together with the driver, to another, the latter having no supervision or control of the servant's mechanical operation thereof, and no right to discharge the driver and take over the operation of the vehicle himself or put it in the hands of another to operate,

the owner of the vehicle who employs the driver, rather than the hirer, is responsible for the driver's negligence." 231 Ga. 213. Accordingly, there can be no recovery in this case under the borrowed servant doctrine.

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

ARGUED JULY 13, 1976 — DECIDED JULY 16, 1976 — REHEARING DENIED JULY 28, 1976 —

*Shelfer, Shelfer & Eldridge, Frank M. Eldridge,* for appellant.

*King & Spalding, A. Felton Jenkins, Jr., Charles H. Tisdale, Lowell Hopkins,* for appellees.